## CUTHBERT vs. THE CITY OF APPLETON.

*Duty of city to keep street in repair.—Notice—Pleading.*

1. A complaint against a city for an injury caused by a sidewalk being out of repair, must show that the city authorities had notice of the defect, or, with reasonable care, might have known of it.
2. Obligation of city to keep its streets in repair not affected by the fact that it may order the repair to be made by adjoining lot owner, and on his failure may cause it to be made at the expense of the lot.

APPEAL from the Circuit Court for *Outagamie* County. The complaint stated that, on etc., a certain portion of the side-walk on College avenue in the city of Appleton, became out of repair, the planks thereof having been carried away, leaving an open space in the walk of several feet unplanked, at a point where the grade of the walk had been changed by order of the city, so as to leave a dangerous hole or pitch, which walk was suffered by said city to remain open during the night of said day, without any protection

against accidents; and that the plaintiff, walking there that night, unaware of danger, was accidentally, without negligence on his part, and in consequence of said neglect and fault of the city, precipitated into said hole, whereby, etc. A demurrer to the complaint was sustained; and plaintiff appealed from the order.

*Hudd & Wigman*, for appellant, argued that the general allegation that the accident happened by the negligence of the defendant, was sufficient to admit proof of the facts, citing 20 Wis., 533; 4 Kern., 310; 15 N. Y., 448–50. The complaint here states more—a sidewalk defective, a new grade established, a dangerous hole left without guards to warn the night traveler, and an accident by reason of such negligence. If a cause of action may be gathered from a complaint, it is enough, though inartificially drawn. 16 Wis., 504. As to the general liability of a city for negligence, they cited 1 Sandf. (S. C.), 222; 9 N. Y., 163; 5 id., 369; 16 id., 158; 17 id., 104.

*W. S. Warner*, for respondent, referred to the charter of the defendant city, by which it is directed that the street commissioner shall adopt general regulations requiring owners or occupants of lots to repair the sidewalks, and to employ a person to do so, when they neglect or refuse, making the expense a lien on the lot, to be collected as other special taxes, and declaring that when work is ordered to be done at the expense of any lot, the city should in no event be responsible for payment; and he argued that the duty of repairing sidewalks was imposed upon the owners or occupants of the lot; that the commissioner could act only after their refusal, in case he could find some one who would perform the work and take the commissioner's certificates in payment; and that a corporation is liable for nonfeasance of its officers or agents only when the duty to be performed is absolute, and due from it, and the means to

perform are at its disposal.   15 Barb., 427; 12 id., 161; 11 N. Y., 392.   He cited also as to the liability of the city, 5 N. Y., 48·8 id., 222; 11 id., 432.

COLE, J.   It is objected that the complaint in this case was defective, because it was not alleged that the city authorities had notice of the defect in the sidewalk.   It appears to us that this point is well taken, and that the complaint should have contained some such allegation.   It will be noticed that it is not averred that the planks were taken up and removed under the direction of the city authorities, from which fact a knowledge of the condition of the walk might be presumed.   It is true, it is alleged that the city had ordered the grade of the walk changed.   But this fails to show that the planks of the walk were removed at the direction of the city, or that the city officials knew of the dangerous condition of the walk.   It is merely alleged that on or about the 17th day of September, 1867, the sidewalk at the place mentioned became and was out of repair—the planks thereof having been taken up and carried away, in consequence of which there was an open space left in the walk of several feet, just where the grade of the walk had been, by the order of the city, changed, so as to make and leave a dangerous hole or pitch in the walk, into which the plaintiff fell during the night of the 17th of September, and received the injuries complained of.   But all this fails to show negligence on the part of the city.   For it is quite consistent with this allegation, and perhaps the most natural inference to be drawn from it, that the owner or occupant of the adjoining lot, at his own instance, removed the plank but a few hours before the accident, and that the city authorities knew nothing about it.   If so, would the city be liable for damages sustained by the plaintiff in consequence of the defect, without having some notice of the condition of the

walk? It appears to us that the city should not be held liable unless it had notice of the defect; or unless the defect had continued for such a length of time as to lead to the presumption that the city authorities knew of it, or with reasonable care and vigilance might have known of it. But surely there is nothing in the complaint which shows that the planks were moved by any one connected with the city authorities, or that the city authorities had any knowledge that the walk was in a dangerous condition, or that the hole into which the plaintiff fell had been in existence for such a length of time as would justify the court in presuming that the corporation had notice of its existence. And something of the kind should be averred in order to show negligence on the part of the city.

If, however, notice of the existence of the defect in the walk were brought home to the knowledge of the city authorities, or could be inferred from the length of time it had existed, then, although the expense of keeping the sidewalk in repair was imposed by the charter upon the adjoining lot, yet we think the city would still be liable. For the sidewalk is a part of the public street, and the law imposes upon the city the duty of keeping in good and sufficient repair all portions of the streets subject to its control. And this obligation is in no degree affected by the consideration that it has power to order the repair or construction of sidewalks to be made by the adjoining lot owners, and, in case of their non-compliance with such order, to make the expense a lien upon the lot. For the city has the power to compel the lot owners to make all necessary repairs on the sidewalks, and, if they neglect to do so, may let the work to the lowest bidder. It thus has ample power within its control to keep the walks in a proper condition, and meet the duty imposed upon it by law. And if it neglects to perform this duty of keeping the sidewalks

in repair, after notice of a defect in such sidewalks, or where, with proper care, the officers of the city might have known of the defect, it is perfectly just that the city should be held liable for all injuries occasioned thereby. We have deemed it necessary to say this much in answer to the argument of the counsel for the respondent, that the city under no circustances could be liable for such damages, because the expense of repairing the sidewalks was imposed upon the lot owners and not upon the corporation. But although this is so, the city is not exonerated from its duty towards the public to keep its streets and walks in a good condition. *Manchester v. The City of Hartford*, 30 Conn., 118; *Hutson v. The Mayor of N. Y.*, 9 N. Y., 163; *Veazie v. Penob. R. R. Co.*, 49 Me., 119; 2 Hilliard on Torts, pp. 501–2; *Wallace v. The Mayor, etc., of N. Y.*, 2 Hilton, 440. But, for the defect in the complaint first above noticed, the order sustaining the demurrer must be affirmed.

*By the Court.*—Ordered accordingly.