SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The statute of this State to prevent the obstruction of highways changes the common law by requiring that the obstruction should be wilful to render it indictable.

2. The word wilful in statutes like this implies legal malice, evil intent, or the absence of reasonable ground for the accused to believe that the act charged was lawful.

3. An indictment which charges that a highway has been "unnecessarily and unreasonably obstructed," omitting to charge that it was wilfully done, is insufficient in this State.

Writ of error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Fleming & Daniel* and *Chisholm & Erwin* for Plaintiffs in Error.

*The Attorney General* and *Randall, Walkers & Foster* for Defendants in Error.

THE CHIEF-JUSTICE delivered the opinion of the court:

The plaintiff in error was indicted for a nuisance in obstructing a highway in the county of Duval. The indictment recites the long existence of the highway, the construction of a railroad upon and across it, with numerous tracks, by the East Florida Railway Co., a Florida corporation, and an arrangement of said company with the Savannah, Florida and Western Railway Company, " a corporation created and existing under the laws of the State of Georgia," by which the last named company used and operated said railroad " with and by means of many engines and cars for the transportation of freight and passen-

gers over (the same) and across the said highway ;" and that the said companies and others entered into a contract March 19th, 1884, whereby these two companies " merged their several stock and property 'under one management and name, to-wit : the S., F. & W. R. Co." The latter company has since laid down other tracks at the place where the railroad crosses the highway, and has every day, to the time of finding the indictment, operated said railroad and tracks by the use of engines and cars thereon across said highway. The indictment then charges that said company " has used and continues to use the said tracks at the said place of crossing, for the purpose of shifting and training its said engines and cars, and stopping said engines and cars upon said track at said place of crossing at every hour of the day, and for unnecessarily and unreasonably long periods of time during such days and hours, to wit : for the space of 30 minutes at each such time, as it suits the convenience of the said company, in utter disregard of the right of the people, and to the great damage, hazard and inconvenience of the people, and thereby rendering it at all hours of the day and night unsafe and dangerous for the people to cross the said tracks upon said highway * * * ; and that the said highway at the place aforesaid has been and is thus unnecessarily and unreasonably obstructed by the said company without warrant or authority of law.

The defendant below moved to quash the indictment on grounds that will appear hereafter; but the court overruled the motion. There was then a trial, which resulted in the conviction of defendant. A motion for a new trial was made, which the court denied, and sentenced defendant to pay a fine of one dollar and "to abate the nuisance set forth in the indictment on or before the first day of May, A. D. 1886."

There is a bill of exceptions in the record, the matters of

which we need not state, as the case, under the view we take, will go off on grounds that render a decision of those matters superfluous.

The first error assigned is, the denial of the motion of defendant to quash the indictment. The grounds of the motion were:

1st. Because it does appear that the defendant willfully caused an obstruction to the said highway.

2. Because the constructing, maintaining and operating the said railroad and its said tracks as alleged, is authorized by law.

3d. Because it does not appear by said indictment that the said defendant has a greater number of tracks across the said highway than are necessary for the convenient transaction of its business.

4th. Because it is not alleged by the said indictment that the said defendant stops its engines or cars upon the crossing of the said highway for a longer time than is necessary for the convenient transaction of its business.

5th. Because there is no specific description of the nuisance complained of.

6th. Because the facts stated in said indictment do not set up an offence punishable by law.

7th. Because the indictment alleges conclusions of law.

The offence charged is, a nuisance in " unnecessarily and unreasonably " obstructing a public highway. It does not clearly appear from the indictment whether the obstruction complained of consists in the tracks laid across the highway, or in the improper use of those tracks in operating the road, or both. Either would be a nuisance if there was not legislative authority to construct a railroad at that crossing. If there was such authority, as is to be inferred from the fact stated in the indictment that some of the tracks were laid by the East Florida Railway Company, a

corporation " under the general laws of Florida," (the de-
fendant deriving its rights from said company,) that au-
thority makes lawful what would otherwise be a nuisance ;
but it must be exercised within the limits prescribed for a
roadway by the general laws referred to, confining its track
or tracks to those limits, and using it or them in such
manner and to such extent as is contemplated by the stat-
ute.

But whether the complaint be against the tracks, or the
improper use of them, or both, we think the indictment de-
fective on the first ground of the motion, in not charging
that the obstruction was caused willfully. It is clearly so,
if to be regarded as a statutory indictment. The statute is
this : " If any person or persons within this State shall ob-
struct any public road or established highway, by fencing
across or into the same, every such person or persons who
shall build any such fence, or willfully cause any other ob-
struction in such road or highway, or any part thereof, shall
be liable to be indicted."

But there is a rule of law that where statutory offence is
merely declaratory of a common law offence, with a new
and different punishment prescribed, there may be indict-
ment under the statute as cumulative, or under the common
law, at the option of the prosecutor. Bishop on Statutory
Crimes, §164. The question then is, whether this indict-
ment, failing to meet the requirements of the statute, is
nevertheless a good common law indictment. We do not
find that under the common law it was necessary in an in-
dictment for a nuisance in obstructing a public highway to
charge willfulness. Indeed, the rule seems to be that it is
not necessary. Wharton Crim. Pldg. & Prac., §269. Yet
here is a statute which, though specific as to a certain sort
of obstruction, has besides a general breadth that brings the
offence within the rule of the common law ; but to be in-

dictable the obstruction must have been willful. We think the proper construction of this statute, which covers the whole field of obstruction of highways, is that it changed the common law and added as an essential ingredient of the offence, that the obstruction should have been caused willfully, and consequently that any indictment for the offence should so charge. If this is not so, and a common law indictment which omits this ingredient of the offence can be sustained, we have the anomaly of law which holds one man guilty for his unlawful acts alone, while another for the same acts will not be held guilty unless they were committed willfully.

The word "willful" in statutes of this character is held to mean or imply legal malice, or an evil intent, or the absence of reasonable ground for belief by the accused that the act charged was lawful. It does not mean simply that the act was intentional or not accidental. To sustain the indictment or make out the criminality of the offence it must be shown that the obstruction was caused with an evil intent; that there was an absence of any reasonable ground for the belief, upon the part of the person making or causing the obstruction, that in doing it he was acting lawfully. Schubert vs. State, 16 Texas, App. 658 ; Trice vs. State, 17 ib., 43 ; Brinkoeter vs. State, 14 ib., 67 ; Thomas vs. State, ib., 200. In State vs. Preston, 34 Wis., 675, it is held under a statute quite similar to ours, that " willfully " sometimes means little more than intentionally, but in penal statutes and criminal law it usually conveys the fuller idea that the act was done wrongfully, in bad faith, with evil intent or legal malice, or without reasonable ground for believing it to be lawful. 1 Bishop Crim. Law, sec. 421 ; State vs. Abrams, 10 Ala., 928 ; McManes vs. State, 36 Ala., 285; Commonwealth vs. Kneeland, 20 Pick., 206, 220; 9 Met., 268.

It is clear to our minds that the word "willfully" is used in the statute to characterize the *intent* with which an obstruction of a public highway must have been made, to be criminal. It is not every obstruction but only one which has been willfully made or caused, that is criminal in this State. In Brinkoeter vs. State, *supra*, it is said: "A most vital issue raised by the evidence in this cause was the *intent* of the defendant in placing his fence across the road, that is whether the act was willfully done, or done through mistake of fact. In order to legally convict the defendant it was necessary for the prosecution to show by its evidence that he obstructed the road *willfully*." This intent is not to be presumed.

As to the other grounds of the motion to quash, we think the 2d, 3d and 4th not good because they set up matters which should properly come from the defendant at the trial under the plea of not guilty. There is some reason for the 5th, in that the description of the nuisance leaves it uncertain whether the indictment is aimed at the tracks, or their improper use, or both; but it is sufficiently specific to show a nuisance, and therefore not amenable to defendant's objections. The 6th is good, falling in line with the rule that the omission to allege that the obstruction was caused willfully renders the indictment defective. We do not see that the indictment alleges conclusions of law to render the 7th ground available to defendant's motion.

We may remark as to another feature of the indictment that it alleges that defendant is a corporation under the laws of the State of Georgia, while it further alleges that by a contract between defendant and the East Florida Railway Company, and other companies, the stock and property of defendant and the East Florida Railway Company, were merged under one management and name, to wit: the name of defendant. It is our opinion that under the laws

of this State which authorize such connection and consolidation the resulting company became a corporation of Florida, and that an indictment against it here should so allege.

Our conclusion is that the indictment should have been quashed.

This disposes of the case in such manner as to preclude any decision of the other errors assigned, as it leaves no indictment under which a new trial could be granted, if we should conclude there was error in refusing it.

The judgment is reversed and the cause remanded, with direction to quash the indictment.