CITY OF ORLANDO, APPELLANT, VS. C. M. HEARD, APPELLEE.

1. In a declaration against a municipality it is alleged that the city possessed and controlled certain sidewalks on Church street and Orange avenue in the city, and suffered the same to be and remain in bad and unsafe repair and condition, and that divers planks, wherewith the said sidewalk was laid, were suffered to be and remain broken and unfastened, by means whereof plaintiff was injured: *Held*, on demurrer to the declaration, that it was not bad because the place where the cause of action arose is not more specifically set forth ; further, that if the declaration in respect to the allegation of locality was calculated to prejudice or embarrass a fair trial, the defendant could have applied to the court, under the statute, to have it amended in this particular.

2. In actions against municipal corporations for injuries received by reason of defective streets or sidewalks, it is not necessary to aver in the declaration that plaintiff was at the time of the injury exercising reasonable care, and the injury happened without his fault.    Such an allegation is substantially involved in the averment that the injury complained of was occasioned by the defendant's negligence.

3. In actions against municipal corporations for injuries resulting from a failure to repair streets or sidewalks, the gist of the action is negligence on the part of the defendant corporation. Such corporations are required to exercise reasonable diligence

in repairing defects in streets and sidewalks, after the unsafe condition of the street or sidewalk is known, or ought to have been known, to it, or its officers having authority to act for it, and it is essential to liability in such cases to allege in the declaration facts which show negligence on the part of the corporation. A general allegation that the municipal corporation negligently suffered and permitted the street or sidewalk to remain out of repair without alleging knowledge of the defect, the time it was permitted to remain out of repair, or other facts showing negligence on the part of the municipal body, will not be sufficient.

Appeal from the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*Alex. St.-Clair Abrams* for Appellant.

*Andrew Johnson* for Appellee.

MABRY, J. :

The appellee sued appellant, in the Circuit Court of the Seventh Judicial Circuit for Orange county, for personal injuries received by reason of an alleged unsafe sidewalk. The action is trespass on the case. A trial of the case resulted in a verdict and judgment for appellee, and appellant has appealed to this court. In view of the conclusion reached it is unnecessary to give the proceedings in the case further than the action of the court on the demurrer to the declaration. The essential allegations of the declaration are that the defendant, the city of Orlando, "on the 3d day of Jan-

uary, A. D. 1887, was possessed and had control of certain public streets, called Orange avenue and Church street, in the said city in the county aforesaid, and ought to have kept the same in good and safe repair and condition, yet the defendant not regarding its duty in that behalf, while it was so possessed and had the control of the said sidewalks, to-wit : On the day aforesaid there wrongfully and negligently suffered the same to be and remain in bad and unsafe repair and condition, and divers of the planks wherewith the said sidewalk was laid to be and remain broken and unfastened, by means whereof the plaintiff, who was then and there passing along and upon the said sidewalk, then and there necessarily and unavoidably tripped and stumbled upon and against one of said broken and unfastened planks of said sidewalk, and was thereby thrown and fell to and upon the said sidewalk, and the ground there, and thereby the left leg of the plaintiff was then and there dislocated and broken, and he became sick, lame," etc.; and concluding with an allegation as to loss of time, suffering of pain, and the expending of divers sums of money to be healed, amounting in the aggregate of damages sustained to the sum of fifteen thousand dollars.

A demurrer to this declaration that it is bad in substance was overruled by the court.

Three objections are urged here against the sufficiency of this declaration : First, that it does not specifically set forth the place where the cause of action arose ; second, that it does not allege that plaintiff was

exercising due and ordinary care when the alleged injury was received; and, third, that there is no allegation in the declaration that the defendant corporation had any knowledge of the defective sidewalk, or that a sufficient time elapsed after the defect occurred, and before the injury, for it to repair the same. The first objection does not, in our judgment, present any sufficient reason why the demurrer should have been sustained. It is true that the declaration does not specify the particular place in the sidewalk where the alleged injury occurred, but it does aver that the city possessed and controlled certain sidewalks on Church street and Orange avenue in said city, and suffered the same to be and remain in bad, and unsafe repair and condition, and that divers planks wherewith the said sidewalk was laid were suffered to be and remain broken and unfastened, by means whereof the plaintiff who was then and there passing along said sidewalk, necessarily and unavoidably tripped and stumbled and received the injury complained of in the declaration. By this declaration the defendant was informed that the injury complained of was received by reason of a defective sidewalk in the manner alleged on Orange avenue or Church street in said city. If the declaration in respect to the allegation of locality was calculated to prejudice or embarrass a fair trial of the action, the defendant could have applied to the court to have it amended in this particular. The statute provides that "if any pleading be so framed as to prejudice, embarrass or delay the fair trial of the action, the opposite party may apply to the court or a judge to strike

out or amend such pleading, and the court or any judge
shall make such order respecting the same, and also
respecting the costs as such court or judge shall see
fit." Section 55, page 826, McClellan's Digest. Under
this statute the defendant could have moved the court
to require the plaintiff to more definitely specify the
locality of the injury upon its appearing to the court
to be necessary to prevent embarrassment in the trial.
Neither do we think that the second objection urged
here against the declaration is good. Some decisions
hold that in actions against municipal corporations,
for injuries received by reason of defective streets or
sidewalks, it is necessary for the plaintiff to aver in
his declaration that he was at the time exercising rea-
sonable care and the injury happened without his
fault. The decisions in Indiana are clear and pro-
nounced in holding this view. In section 113, 1 Shear-
man & Redfield on Negligence, it is stated that the In-
diana courts alone require the plaintiff expressly to
aver in his pleading the fact of his due care, but early
decisions in Illinois and Massachusetts seem to sanc-
tion this rule. 26 Ill., 373 ; 6 Cush., 524. Where the
burden is upon the plaintiff in the first instance to
prove the want of negligence on his part, contributing
to the injury, it would seem that some reason might
exist for the rule requiring an allegation of due care
on his part, although Shearman & Redfield, in the sec-
tion, *supra*, say in such cases, the general rule is that
the plaintiff need not expressly aver in his pleading
the absence of contributory fault. And in the note to
the section referred to, it is stated no such averment is

required in States where contributory negligence is a defense. There is a decided conflict of authority on the question of the burden of proof as to contributory negligence. The decisions cited to sections 156 and 157, Beach on Contributory Negligence, and on pages 1102 and 1103, 1 Rice on Evidence, clearly show this. In this State this question has been passed upon, and the rule announced, that contributory negligence on the part of the plaintiff, is a matter of defense which the defendant must set up and maintain by proof, unless the plaintiff's own evidence in support of his case, shows that a presumption of contributory negligence is plainly inferable therefrom. 21 Fla., 700. Under this rule there would seem to be no good reason for requiring the plaintiff to negative in his declaration a defense which the defendant must set up and maintain by proof in the absence of such a showing by the plaintiff. This rule is the one best sustained by authority and we think is correct. In Lee vs. Troy Citizens' Gaslight Co., 98 N. Y. Court of Appeals, 115, it was decided that it is not essential that the complaint in an action for negligence shall allege absence of contributory negligence on the part of the plaintiff; such an allegation is substantially involved in the averment that the injury complained of was occasioned by defendant's negligence. The same view was maintained in 41 Wis., 105 ; see also 6 Lansing, 381 ; 24 Ala., 112; 48 Cal., 409 ; Shearman & Redfield on Negligence, sec. 109.

The third objection presented we think is good. By a reference to the declaration it will be seen that it

in substance avers that on the 3d day of January, A. D. 1887, the defendant was possessed and had control of certain sidewalks on certain streets, in the city, and ought to have kept them in good repair and condition, yet the defendant not regarding its duty in that behalf, on the day aforesaid wrongfully and negligently suffered the same to be and remain in bad and unsafe condition, and divers planks wherewith the sidewalk was laid to be and remain broken and unfastened, by means whereof plaintiff was injured. There is no allegation here that the defendant corporation had any notice of the defects in the sidewalk which occasioned the injury complained of, nor is it averred that the defects in the sidewalk existed a sufficient time before the alleged injury to make it reasonably inferable that appellant had notice, so that it might have made repairs and prevented the accident. In cases against municipal bodies, for injuries resulting from a failure to repair streets or sidewalks, the gist of the action is negligence on the part of the defendant corporation. The corporation is required to exercise reasonable diligence in repairing defects after the unsafe condition of the street or sidewalk is known, or ought to have been known to it, or its officers having authority to act for it. If a defect should happen in a street or sidewalk, at a time or under circumstances when the city had no knowledge of it, or opportunity to know about it, in time to make the necessary repairs it could not be held liable for injury resulting from an accident by reason of the defect. It is essential to liability to allege facts which show negligence on the part of the city. In

Turner vs. City of Indianapolis, 96 Ind., 51, which was an action for an injury received by the plaintiff in driving against a stone which it was alleged the defendant had negligently suffered and permitted to remain in one of its streets, it was held it was not sufficient to charge that the defendant negligently suffered and permitted the obstruction to remain in the street, without averring that the defendant had notice of it, or alleging facts from which notice might be inferred. In the town of Spiceland vs. Alier, 98 Ind., 467, an action for injuries received by reason of a defective sidewalk, in one paragraph of the complaint it was averred "that on the —— day ———, 1882, and for three months next before that date defendant negligently and carelessly permitted and suffered a certain public street and sidewalk known as Main street  *  * to remain and be in an unsafe and dangerous condition" and in another paragraph it was alleged, "that on the 1st day of September, 1882, and for six months next before that time, defendant carelessly and negligently allowed, suffered and permitted a certain public sidewalk in said town to become, and during all of said time, remain out of repair." It is said by the court "the time when the plaintiff received her injury is not named in either paragraph, nor does the context show that it was intended to allege that the accident happened on the date omitted in the first, or on that stated in the second paragraph. It may be that if the complaint alleged, that the defect in the sidewalk existed for six or even three months before the injury the defendant's notice of such defect would be presumed.

But there is no fact stated from which any inference can be drawn as to how long the defect had existed when the injury occurred. As there is no averment in either paragraph of the complaint that the appellant had notice, nor any fact stated from which such notice can reasonably be inferred, the demurrer to each paragraph should have been sustained." The rule announced in these decisions is sustained by ample authority. Mr. Dillon in secion 1024, 2 vol., on Municipal Corporation, says: "Where the duty to keep its streets in safe condition rests upon the corporation, it is liable for injuries caused by its neglect, or omission to keep the streets in repair, as well as for those caused by defects occasioned by the wrongful acts of others, but, as the basis of the action is negligence, notice to the corporation of the defect which caused the injury, or of facts from which notice thereof may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability." The decisions cited in notes to sections 1024 and 1025 fully sustain the text. See also 22 Wis., 642; 74 Mo., 480; 45 N. Y., 129; 4 Wal., 189.

The declaration in the case at bar fails to aver that the city caused the alleged defect in the sidewalk, or that it was caused by others acting by authority of the city, or that the city had notice of the defect from which the alleged injury resulted, or any facts from which notice on the part of the city may be inferable in time to repair the sidewalk before the injury happened. As this declaration was framed there was a

substantial defect in failing to allege notice, or what was equivalent thereto, on the part of the city, of the defect in the sidewalk in time to repair it before the injury happened, and the demurrer thereto should have been sustained.

There being no sufficient declaration in the case the other questions in the record are not open for consideration.

The judgment is reversed with directions to the Circuit Court to sustain the demurrer, with leave to plaintiff to amend if desired.

Ordered accordingly.