R. R. FREEMAN, APPELLANT, VS. LOUISVILLE & NASHVILLE R. R. CO., APPELLEE.

VESSELS—DAMAGES FOR DETENTION OF—PLEADINGS.

Where the owner of a ship sues a connecting railway carrier for damages for the detention of his vessel at the railway's terminal wharf, in consequence of the latter's alleged suspension in the receipt of such ship's cargo, and discloses by his declaration that such ship was under charter with a third person, not a

party to the suit, to deliver her cargo to the defendant railway company, and that the railway company was under contract *with such third person* there to receive such cargo and the same to carry further: *Held*, That under these circumstances, the defendant railway company's duty to *receive* and carry the cargo was due directly and primarily to such *third person*, the charterer of the ship, and that he alone could properly sue for the breach of such duty. And that under these circumstances, if the plaintiff's ship was wrongfully delayed in consequence of the negligence of the railway company, *as the agent of the charterer*, such *charterer*, as principal, was directly and primarily responsible to the plaintiff as the ship's owner for her delay in consequence of his railway agent's wrongful suspension from receiving her cargo, and was the proper person for the plaintiff to have sued for his damage. Where a declaration discloses such a state of facts, and fails further, in a separate count, not otherwise objectionable, to allege that the suspension in the receipt of the cargo complained of was wrongful, and fails to allege any facts from which it could appear that the alleged suspension was either tortious or inexcusable, a demurrer thereto is properly sustained.

Appeal from the Circuit Court for Escambia county.

The facts of the case are stated in the opinion of the court.

*John C. Avery* for Appellant.

*W. A. Blount* for Appellee.

TAYLOR, J. :

The appellant sued the appellee. in case, for damages for an alleged detention of the former's ship in the discharge of her cargo at the latter's terminal wharf in the city of Pensacola, by refusing to receive such cargo for carriage over its line of road. The declaration was demurred to and the demurrer sustained, and upon the plaintiff's failure to amend, final judg-

ment upon the demurrer was taken, and from that judgment the plaintiff appeals here.

The declaration demurred to is as follows:

"1st. That the defendant was, on the 21st day of January, 1887, and still is, a common carrier of goods for hire over its railroad line beginning on a wharf which constitutes a part of its road, and extended into the bay of Pensacola. That the said wharf was used by the defendant to enable it to receive, from ships, cargoes brought into the port of Pensacola for shipment over the defendant's lines, and for years past the defendant has received thereat, for shipment, such cargoes from vessels moored thereto. That on said day the plaintiff's ship, the 'John F. Krans,' was upon the invitation of the defendant, moored at the defendant's said wharf and engaged in the delivery of cargo thereat for transportation therefrom over the defendant's line to points beyond the limits of said State; that the defendant invited the said vessel to said wharf and commenced the receipt of her cargo thereat, as aforesaid, in pursuance of an agreement with the charterer of plaintiff's said vessel to receive and transport the same from said vessel. That after the first day of February, 1887, the defendant refused to receive cargo from said vessel for the period of ten' days, and thereafter completed the receipt of said cargo, whereby the plaintiff's said ship was detained for the period of ten days over and above her lay days, and the plaintiff became entitled to demand and receive from the said defendant for such detention of his said ship the sum of fifty dollars per day, the customary demurrage charge for the detention of such a vessel, which the defendant refuses to pay.

2nd. That the defendant was, on the 21st day of January, 1887, a common carrier for hire over its rail-

road line beginning on a wharf which constituted a part of its road and extended into the bay of Pensacola. That the said wharf was used by the defendant to enable it to receive, from ships, cargoes brought into the port of Pensacola for shipment over defendant's line, and, for years past, the defendant has received thereat for shipment, such cargoes from vessels moored thereto. That on said day the plaintiff's ship was, upon the invitation of the defendant, moored at the defendant's said wharf and engaged in the delivery of cargo thereat for transportation therefrom over the defendant's said line to points beyond the limits of said State. That it was the duty of the defendant to receive the said cargo, all of which was, as defendant's agents well knew, brought into said port for shipment under contract, over defendant's said line; but, to-wit: on the first day of February, 1887, the defendant refused to receive further of said cargo of said vessel, and so continued to refuse for the period of ten days, whereby said vessel was detained for the period of ten days, and plaintiff sustained damage in the sum of five hundred dollars.

3rd. That on said day the plaintiff had his said ship in the port of Pensacola loaded with a cargo which the plaintiff had agreed with charterer to deliver to the defendant, a common carrier, for transportation. That delivery of same to defendant for transportation over its road to points beyond the State of Florida was commenced, when the defendant, for the period of ten days, refused to receive further of said cargo, whereby the plaintiff's said ship was detained for, to-wit: ten days, at an expense to plaintiff of five hundred dollars. Wherefore the plaintiff claims damages in the sum of seven hundred and fifty dollars," etc.

The ground of the demurrer was that the declaration did not disclose a case fixing legal liability upon the defendant. The ruling of the court upon the demurrer appealed from was proper. The declaration discloses the fact that the plaintiff's ship, whose delay is the groundwork of the action, was under a charter-party with a third person, a stranger to this suit, to deliver her cargo to the defendant at its terminal wharf extending into the bay of Pensacola, for transportation over the defendant's road to points in the interior beyond the boundaries of Florida; and that the defendant was under contract *with such charterer there to receive and transport* such cargo. If these assertions of the plaintiff's declaration be true, then he has called the wrong party to court to answer for the damage sustained by him through the delay of his vessel. If the defendant company was under contract *with the charterer* of the plaintiff's ship to receive and transport such ship's cargo over its line of road, then, clearly, its duty *to receive such cargo* was due directly and primarily *to such charterer*, and for its breach thereof, by any unreasonable or wrongful delay, the *charterer* would be the party primarily injured by such breach of duty, and could alone sue for its redress. On the other hand, according to the allegations of this declaration, the plaintiff's contract with his ship's charterer was fully performed when his chartered vessel arrived at the defendant's railway wharf, within her contract time, and stood there ready and willing *to deliver* her cargo to the defendant railway, *as the employed carrying agency of the charterer*, and for any wrongful delay to which his ship was subjected through the negligence of the *charterer's agency*, there to receive such cargo, the *charterer* is responsible primarily and directly to the plaintiff, and is the proper party for him

to have sued for the damage sustained through such delay. Hutchinson on Carriers (2nd ed.), Sections 473. 103a; Wardin vs. Bemis; 32 Conn., 268; Davis vs. Wallace, 3 Cliff. (C. C.), 123; Randall vs. Lynch, 12 East, 179; 1 Parsons on Ship. & Admiralty, 316. If, under the circumstances as disclosed by this declaration, the charterer of the plaintiff's ship was subjected to the payment of damages for the wrongful delay of such ship in discharging her cargo, resulting from the defendant railway company's unjustified refusal to receive such cargo, then the defendant railway company would be liable for such damages *to the charterer.* Hutchinson on Carriers (2nd ed.), Section 328. What has been said applies to the first and third counts of the declaration. The second count thereof, upon which the appellant, in his last briefs filed, seem most strongly to rely, is insufficient and defective in that it fails to allege that the temporary suspension by the defendant of the receipt of the cargo of plaintiff's ship was wrongful, nor are any facts alleged showing that such alleged temporary suspension in the receipt of such cargo was either tortious or inexcusable.

The judgment appealed from is affirmed.