SOUTH FLORIDA TELEGRAPH COMPANY, APPELLANT, vs. MARY MALONEY ET AL., APPELLEES.

1. A declaration upon which a plaintiff founds his right of recovery must allege every fact that is essential to his right of action.

2. When the plaintiff's right consists of an obligation of the defendant to observe some particular duty, whether founded upon contract between the parties or on the obligation of law arising out of the defendant's particular character or situation, the declaration must specifically state the nature of such duty. Such statement should set out distinctly the circumstances which create the liability of the defendant. If it fails to comply with these requirements, it must go down before demurrer.

3. A declaration against a corporation for refusing to transmit a message contained no allegation to the effect that the defendant owned or operated any telegraph line, or that such line extended to the point to which the plaintiff desired the message sent, or that it was engaged in the business of sending such telegraphic messages for reward, or that it holds itself out to the public as so doing, or that it has any facilities for sending such messages, is not sufficient to show any liability of defendant.

4. A declaration which only alleges that the defendant is a corporation, and that one of the plaintiffs at Tampa, Florida, "desired them to act within the scope of their business," and transmit a message to the other plaintiff at Key West, Florida, and was ready and willing to pay for the same, and demanded that "they" transmit said message, implies no liability of defendant for refusing to transmit the message.

5. A declaration against a telegraph company for refusing to transmit a message, should allege that such refusal was wilful or wrongful, or contain an allegation of facts showing such wilfulness or wrongfulness.

6. A mere inference that the defendant had an office is not sufficient to show the purpose for which the office was used, and does not imply that defendant was operating a telegraph line.

7. A declaration should aver facts, and not legal conclusions, for the obvious reason, a legal inference is not traversable, and no issue can be formed thereon.

8. When there is no sufficient declaration in a case, and a demurrer should have been sustained thereto, the other questions in the record are not open for the consideration of an appellate court.

Appeal from the Circuit Court for Hillsborough county.

This cause is brought here from Sumter county by appeal.

*Sparkman & Sparkman* for Appellant.

*Macfarlane & Pettingill* for Appellees.

LIDDON, C. J.:

The appellees sued the appellant in the Circuit Court of Hillsborough county. The declaration, omitting formal parts, was as follows: Mary Maloney, a married woman, joined by her husband, Frank R. Maloney, and Frank R. Maloney in his own right, of the city of Key West, county of Monroe, and State of Florida, plaintiffs, by their attorneys, Hugh C. & M. B. Macfarlane, complain of the South Florida Telegraph Company, a corporation existing under and by the laws of the State of Florida, defendant, of a plea of trespass on the case: For that whereas Mary Maloney, one of the plaintiffs, on or about the fifth day

of October, A. D. 1887, desiring to employ the said defendant to act within the scope of its business, and transmit to Frank R. Maloney, the husband of Mary Maloney, and the other plaintiff in this suit, at Key West, Florida, the following message or telegram, *viz:* "Yellow fever here. What shall I do? Mary." Did on that date send the said message or telegram to the office of said South Florida Telegraph Company, at Tampa, Florida, and demanded that the same be transmitted to Frank R. Maloney at Key West, Florida, and the said South Florida Telegraph Company, through its agent at Tampa, in aforesaid county and State, refused to transmit the said message or telegram to the said Frank R. Maloney at Key West, Florida, to the damage of Mary Maloney, one of the plaintiffs in this cause, in the sum of ten thousand dollars ($10,000). (Second Count). And whereas the said Mary Maloney, one of the plaintiffs in this suit, afterwards, to-wit: on the sixth day of October, A. D. 1887, did in person go to the office of the said South Florida Telegraph Company at Tampa, Florida, and demanded that the following telegram, to-wit: "Yellow fever here. What shall I do? Mary," be transmitted to Frank R. Maloney at Key West, Florida, and the said South Florida Telegraph Company, through its agent at Tampa, Florida, did then and there refuse to transmit said telegram to the said Frank R. Maloney, although the said plaintiff Mary Maloney stood ready and willing to pay said South Florida Telegraph Company for their services in transmitting said telegram through said company's office; and the said Mary Maloney, one of the plaintiffs in this cause, has by means of the premises suffered great anxiety and pain of body and mind, to the damage of this plaintiff in the sum of ten thousand dollars ($10,000). (Third

Count). And whereas also the defendant, the said South Florida Telegraph Company refused to transmit the following telegram or message, *viz:* "Yellow fever here. What shall I do? Mary," to Frank R. Maloney, one of the plaintiffs in this cause, and the husband of Mary Maloney, his co-plaintiff, at Key West, Florida, though the said Mary Maloney on the fifth, and afterward on the sixth, days of October, A. D. 1887, at Tampa, in the county of Hillsborough, and State of Florida, in the office of the said South Florida Telegraph Company at that place, demanded and requested the said company to so do, and although the said message was in writing and came within the scope of said company's business, and the said Mary Maloney was on both days ready and willing to pay the price demanded by said South Florida Telegraph Company for its services in transmitting the said telegram or message to the said Frank R. Maloney at Key West, Florida, through its office at Tampa, Florida; the said South Florida Telegraph Company, defendant, through its agent at Tampa, did then and there on each several occasion refuse to transmit the same as aforesaid; and the said plaintiff, Frank R. Maloney, has by means of the premises suffered great anxiety and pain of body and mind, and has been obliged to lay out and expend, and has laid out and expended, divers large sums of money in defraying the traveling expenses of his wife, Mary Maloney, co-plaintiff in this suit, and other expenses caused this plaintiff by the tort of the defendant the South Florida Telegraph Company to the plaintiffs, to the damage of the said plaintiff Frank R. Maloney in the sum of ten thousand dollars ($10,000). Wherefore both the plaintiffs, Mary Maloney, joined by her husband, Frank R. Maloney, and Frank R. Maloney in his own right, say that they are injured and have

sustained damage to the amount of ten thousand dollars ($10,000), and therefore they bring their suit.

To this declaration a demurrer was interposed upon the ground, among others, that the "said declaration sets up no sufficient cause of action against the defendant." As the views we entertain dispose of the appeal, upon the ground of demurrer quoted, it is unnecessary to state other grounds of demurrer, or any other portion of the record.

The theory upon which the plaintiffs below evidently brought their suit was that the defendant owed to them, as a portion of the general public, the duty to transmit telegrams from Tampa to Key West, both places being in the State of Florida. It is an elementary principle in the law of pleading, that the declaration upon which a plaintiff founds his right of recovery must allege every fact that is essential to his right of action. Gould on Pleading, sec. 7, p. 160. When the plaintiff's right consists of an obligation of the defendant to observe some particular duty, whether founded upon some contract between the parties, or on the obligation of law arising out of the defendant's particular character or situation, the declaration must specifically state the nature of such duty. The statement must set out distinctly the circumstances which create the liability of the defendant. This statement may be concise and brief, but must be specific and definite. 1 Chitty on Pleading (16th ed.), p. 397; Max vs. Roberts, 12 East, 89. If the declaration does not comply with these requirements, it must go down before a demurrer. Louisville, New Albany & Chicago Ry. Co. vs. Corps, 124 Ind., 427, 24 N. E., Rep., 1046, 8 L. R. A., 636. Tested by these principles the declaration in this case is fatally defective. The declaration contains three counts. In none of them is there

any allegation to show that it was the duty of the defendant to transmit the message set out in each of said counts. There is no allegation that defendant owned or operated any telegraph line; that such line extended from Tampa to Key West; that it was engaged in the business of transmitting messages by telegraph or electric wire for reward paid to them; or that it held itself out to the public as so doing; or that it had any facilities for sending telegraphic messages from Tampa to Key West; or was engaged in the business of so doing. Substantially all that is alleged is, that the defendant was a corpotation under the name of the South Florida Telegraph Company; that one of the plaintiffs at Tampa desired them "to act within the scope of their business," and transmit the message to the other plaintiff at Key West, and was ready and willing to pay therefor, and demanded that they transmit the message as aforesaid. It seems by implication of the declaration that the defendant had an office at Tampa. These statements imply no liability of defendant for refusing to transmit the message. True, the defendant appears to be a corporation, and its corporate name would indicate that it was organized for the purpose of operating a telegraph line and transmitting messages thereby, but it does not follow that it had completed its line or begun business, and the simple fact of the organization of a corporation for that purpose does not, before it can construct its lines and engage in the business, make it liable for refusing to transmit a message offered it for transmission. The declaration is remarkably defective, and entirely without precedent, in not alleging that the refusal of the defendant was a wrongful or a wilful refusal. This should have been alleged, especially in the absence of allegations of fact showing such wrong-

fulness or wilfulness. Freeman vs. Louisville & Nashville R. R. Co., 32 Fla., 420, text 425, 13 South. Rep., 892, 894.

There is an inference in the declaration that the defendant had an office at Tampa. The purpose for which it used the office is not stated. It might have been used for other purposes than the receipt and transmission of telegrams. In the absence of all allegation the mere fact of having an office does not imply that defendant was engaged in operating a telegraph line.

The only other allegations in the declaration which tend to suggest any duty of defendant to transmit the message mentioned, or any liability for failure so to do, are the recitation in the first count to the effect that Mrs. Maloney "on or about the fifth day of October, A. D. 1887, desiring to employ the said defendant to act within the scope of its business, and transmit" the said message, sent it to the office, etc.; and in the third count, in giving a description of the message, it describes the same as being in writing, and that it came within the scope of said company's business. There is no direct allegation that it was within the scope of defendant's business to transmit the telegram as requested. The allegation mentioned of the first count is merely descriptive of the state of mind of Mrs. Maloney, and of the purpose for which she sent the message to the office of defendant. The allegation of the third count only has reference to the character of the message designed to be transmitted. Even if there had been a direct allegation that the transmission of the message came within the scope of the defendant's business, it would have been entirely insufficient. It would have been only an averment of a legal conclusion. Even a direct allegation that it was the duty of

the defendant to have received and to have transmitted the message, would have been insufficient. That averment would have been also only an allegation of a conclusion of law. The facts should be stated which raise the duty. However strong and positive may be the general allegation of the duty, or the liability, of the defendant, such allegations have no force if the facts are not stated from which such duty or liability arises. This rule is based on the soundest of reasons. The statement of a legal inference is not traversable. No issue can be formed thereon. The statement of the facts from which the duty results can not be substituted or dispensed with by the mere allegation that the duty exists. Baltimore & Ohio R. R. Co. vs. Wilson, 31 Ohio St., 555, text pages 557 *et. seq.;* McCune vs. Norwich City Gas Company, 30 Conn., 521, S. C. 79 Am. Dec., 278; Hewison vs. City of New Haven, 34 Conn., 136, S. C. 91 Am. Dec.. 718; Pipp vs. Reynolds, 20 Mich., 88, text 93; Reese vs. Western Union Telegraph Co., 123 Ind., 294, 7 L. R. A., 583, and numerous cases cited in note; Morrison vs. Insurance Company of North America, 69 Texas, 353, S. C. 5 Am. St. Reps., 63.

Many other errors are assigned and are argued in the briefs of counsel for the respective parties, but as there was no sufficient declaration in the case the other questions in the record are not open for consideration. City of Orlando vs. Heard, 29 Fla., 581, 11 South. Rep., 182; Savannah, Florida & Western Ry. Co. vs. State, 23 Fla., 579, 3 South. Rep., 204.

The judgment of the Circuit Court is reversed, with directions to sustain the demurrer to the declaration, with leave to the plaintiffs to amend if they desire to do so.