### SHIELL *vs.* M'NITT.

Where the vendor contracted to sell his farm for $5000, and the vendee agreed to pay one-fifth of that sum and $350 for back rent on a specified day, and to give a bond and mortgage at the same time for the residue of the purchase money, when he was to receive a deed of the premises; and simultaneously with the making of the contract the purchaser gave to the vendor a bond and warrant of attorney to confess judgment for the $1350, on which a judgment was immediately entered; and the vendee afterwards paid $250 but neglected to pay the residue on the specified day, whereupon the vendor sold the premises for something less than the amount which the first purchaser was to have given; *Held*, that $1000 specified in the contract, and se-

cured by the bond and warrant of attorney, was in the nature of a penalty merely; and that the vendor was not entitled to collect the whole amount secured by the bond and warrant, as stipulated damages.

An agreement for stipulated damages, for the breach of a contract, necessarily implies that such damages are to be received in satisfaction of, and as a full compensation for, the breach of the agreement to which such stipulation applies.

April 6. THIS was an appeal from a decision of the vice chancellor of the fourth circuit, denying the defendant's application to dissolve an injunction. The defendant had contracted with the complainant to sell him a farm on the first of April, 1839, for the sum of $5000 ; under which agreement the complainant went into possession. In December, 1839, that agreement was rescinded and another contract was entered into between the parties, under their respective hands and seals, to the following effect : The defendant M'Nitt agreed to sell the same farm to the complainant Shiell for the sum of $5000 ; the latter paying in addition thereto, the sum of $350 for the rent of the previous year. And M'Nitt was to give to the purchaser, on the first of April, 1840, a good and sufficient warrantee deed, conveying the premises in fee simple, upon receiving $1350 and a bond and mortgage upon the premises for the other $4000. The agreement concluded with the following clause : " And the parties, in case of failure, bind themselves each unto the other, in the sum of $1000, which they hereby consent to fix and liquidate as the amount of damages to be paid by the failing party for his non-performance." Simultaneously with this agreement Shiell, the purchaser, gave to M'Nitt a bond in the penalty of $2700, conditioned to pay $1350 on the 1st of April, 1840, and a warrant of attorney to confess judgment thereon ; upon which bond and warrant a judgment was entered in the supreme court. The bill alleged that this bond and warrant were given to secure the payment of the first instalment of $1000 and the $350 for the back rent. But M'Nitt in his answer stated that the judgment was not only given to secure the first payment and the rent, but also to secure the payment of the $1000 specified in the agreement as liquidated damages

for the non-performance thereof. The complainant paid to
M'Nitt, on or before the first of April, $250, towards the
back rent, and took a receipt therefor. But being unable
to pay the residue of the $1350 in the manner contem-
plated by the agreement, he gave up the possession of the
farm ; and the defendant sold the same on the 14th of April,
to another man, at a loss of $300 and the interest on the
$5000 from the first of that month. M'Nitt thereupon
caused an execution to be issued upon his judgment, against
the property of Shiell, with a direction to the sheriff to
levy $1127,71, and interest thereon from the 2d of April,
1840. And the complainant then filed his bill, and obtain-
ed the injunction to restrain the defendant from proceeding
upon such execution.

1841.

Shiell
v.
M'Nitt.

*Cornelius L. Allen,* for the appellant.

*J. Crary & M. Fairchild,* for the respondent.

The Chancellor. I do not concur in the opinion ex-
pressed by the vice chancellor in this case, that the part of
the answer which sets out the whole of the agreement be-
tween the parties is not responsive to the bill, so as to en-
title the defendant to use that part of his answer upon the
application to dissolve the injunction.

It is not necessary to say what would have been the con-
struction of the last clause of the written agreement be-
tween the parties, as stated in the answer, if that had con-
stituted the whole agreement between them. Considering
it as a simple agreement on the part of Shiell to receive a
conveyance of the premises on the first of April, and to
pay therefor $1350, and give a bond and mortgage for
$4000, or to pay $1000 as stipulated damages in case of his
entire failure to perform any part of his agreement, it
probably was a case in which the parties might stipulate as
to the amount which either, who should recede from the
agreement, should pay to the other in full satisfaction for
all claims against him for the non-performance of the con-

tract. (*Rielly* v. *Jones*, 8 *Moore's Rep.* 244. *Hasbrouck* v. *Tappen*, 15 *John. Rep.* 290.) But an agreement for stipulated damages, for the breach of a contract, necessarily implies that such damages are to be received in satisfaction of, and as a complete compensation for the breach of that part of the agreement to which such stipulation is applicable. And if the $1000 specified in the last clause of this contract was intended by the parties as stipulated damages, to be paid by Shiell for the non-performance of his agreement to pay the $1350 and to accept a deed and execute his bond and mortgage for the residue of the purchase money on the 1st of April, it necessarily follows that M'Nitt had no right to demand payment of any part of the $1350, in addition to the payment of the stipulated sum which the parties themselves had fixed upon, as the damages to be paid in full satisfaction for such breach of the contract. The taking of a judgment to secure the payment of the $1350, or any part of it, either in connection with or in addition to the $1000 mentioned in the last clause of the written agreement was, therefore, wholly inconsistent with the supposition that the parties intended that the $1000 was to be the maximum, as well as the minimum, of damages which Shiell was to pay, in case he neglected to perform the agreement on his part, as a full compensation for such breach of his contract.

It is evident, from the answer of the defendant, as well as from the bill, that the written contract set out in the bill did not constitute the whole agreement between these parties ; but that the bond and warrant executed at the same time formed a part of that agreement. The written contract set out in the answer and this bond and warrant must, therefore, be construed together, for the purpose of ascertaining whether this $1000 should be considered as stipulated damages for the breach of the agreement, or as a mere penalty to cover the actual damage which either party might sustain by such breach. (*See Jackson* v. *Dunsbagh*, 1 *John. Cas.* 91 ; *Van Horne* v. *Crain*, 1 *Paige's Rep.* 455.)

1841.

Shiell
v.
M'Nitt.

The complainant alleges in his bill that the judgment was given to secure the payment of the $1350, on the 1st of April, 1840; consisting of the $350 of back rent and the first payment of $1000 of the purchase money, which were to be paid on that day. But the defendant, in his answer, states that the bond and warrant were executed not only to secure the payment of that part of the purchase money and the $350 of back rent, but also to secure the payment of $1000 agreed upon as liquidated damages in case the complainant should fail to perform the agreement on his part. For the decision of the question now under consideration, it is of no consequence which party is right as to the object of giving the bond and warrant; as the statement of either party is inconsistent with the idea that the whole of the $1000, specified in the last clause of the written contract, was intended as the substituted compensation which M'Nitt was to receive in lieu of his right to demand payment of the $1350, and the execution of the bond and mortgage. No part of the $1350 was payable until the 1st of April, 1840. And if neither party intended that sum should ever be collectable, in case it was not paid on that day, the giving of a judgment to enable M'Nitt to enforce the payment thereof after that day was a nugatory act. For the issuing of an execution for any part of the $1350, instead of demanding the payment of the substituted sum of $1000 at which the damages were liquidated by the parties themselves, could not, in that case, be upheld either at law or in equity. On the other hand, if it was the intention of the parties to the agreement that M'Nitt should have the right, in any event, to proceed upon his judgment, after the first of April, to collect the $1350 or any part of it, then the $1000 specified in the last clause of the agreement must be considered as a mere penalty; and as only intended to cover the actual damages which the vendor might sustain by the neglect of the purchaser to complete his contract at the time specified therein.

It is very evident that M'Nitt could not have had any definite idea of the meaning of the terms *fixed* and *liquida-*

*ted damages,* as used in this agreement, or he could not have supposed it possible that he could have the right, under his judgment, to collect the $1350, or any part of that sum, which was to be paid on the first of April, and also to collect the $1000 as the stipulated compensation which he was to receive if the whole of the $1350 was not paid at the day. For by the terms of the written contract the $1000 fixed as liquidated damages, applied as well to the non-payment of the $350 rent, as to the neglect to pay and secure the purchase money of the farm on the first of April. And if the amount thus fixed was not intended to be a full compensation for the non-payment of the rent, it must necessarily be considered as a mere penalty for the non-performance of any other part of the agreement by either of the parties thereto. (*Kemble* v. *Farren,* 6 *Bing. Rep.* 144. *Davies* v. *Penton,* 9 *Dowl. & Ryl. Rep.* 369. *Boys* v. *Ancell,* 7 *Scott's Rep.* 364. 5 *Bing. N. C.* 390, *S. C.*)

In this stage of the suit, and upon the conflicting statements of the parties as to the object and intention of the giving of the bond and warrant, it is not necessary to express any opinion as to the extent of the defendants rights under his judgment ; whether it is to be considered as a valid security for all of the damages which he has sustained for the breach of the contract by Shiell, or only as a security for the balance of the rent which remained unpaid, and the costs of entering the judgment. If, as the answer states, the defendant actually lost $300 by the depreciation in the value of the property, in addition to the improvements which the complainant had made thereon, he has an unquestionable right to recover that amount, and the interest on the $5000 from the first of April to the time of the sale of the farm to Barklay, in addition to the balance of rent which remains unpaid ; either under the execution upon his judgment, or by an action for a breach of the contract.

The decision of the vice chancellor in refusing to dis solve the injunction was correct ; as the whole equity of

the bill was not denied, as I understand the rights of the parties. The order appealed from is therefore affirmed with costs.