### JOSEPH WHITFIELD v. MICHAEL LEVY.

1. Parties may stipulate for the measure of the damages which the one party shall pay and the other shall accept as compensation for the non-performance of an agreement, where the subject matter of the contract is such that the damages sustained by the breach are uncertain, and not susceptible of being reduced to a certainty by any method of legal computation, and indemnity for the injury is incapable of being ascertained with precision by the rules of evidence by which compensation is ascertained in the trial of causes.

2. Calling the sum named a penalty or liquidated damages is not conclusive, if the intention appears otherwise, from the consideration of the whole agreement; if it be doubtful, from the whole agreement, whether it is intended to be a penalty or stipulated damages, it will be construed as a penalty, and if it is called a penalty, it will be held to be such, unless that construction is overcome by a very clear intention to the contrary, derived from other parts of the agreement.

3. A sum named in an agreement containing disconnected stipulations of various degrees of importance, will be considered as a penalty, though it is called in the agreement liquidated damages, unless the agreement specifies the particular stipulation or stipulations to which the liquidated damages are to be confined.

4. Where some of the stipulations are such that the damages arising from the breach may be ascertained by legal computation, and others are not, a sum named to be paid in gross for non-performance will be held to be a penalty. To be considered liquidated as to any, it must be susceptible of being regarded as liquidated as to all the provisions to which it extends. It cannot be liquidated as to those breaches which in their nature are uncertain, leaving those which are certain to a distinct remedy by the verdict of a jury.

5. Articles of agreement between A and B for the sale and conveyance of a store lot and premises in B, for the consideration of $1400—$20 payable on the execution of the agreement and the balance in seven days on the delivery of a deed; searches to be made and the expenses thereof mutually paid, with a covenant on the part of the purchaser not to conduct, carry on, or suffer to be conducted or carried on, the grocery business in said store for the term of ten years, unless the vendor should discontinue the business of a grocer in B. The agreement contained the following clause: "To the whole of which agreement the parties aforesaid hereby agree, and bind themselves, their heirs executors, administrators, and assigns, under the penalty and forfeiture of $500, to be forfeited and paid by the failing party to the other party."

6. In an action by the vendor on the covenant above stated—*Held*, that the sum named was a penalty, and not liquidated damages, and that the plaintiff was entitled to recover only nominal damages.

The agreement upon which this action was brought is under seal, and recites that the plaintiff hath, and by these presents doth, grant, bargain, and sell unto the said Michael Levy, all that certain store lot and premises, situate and being in Belleville, &c., for the price and sum of $1400, upon the following conditions:

1. That the said Levy shall pay the sum of $20 on the execution of the agreement, the receipt whereof was therein acknowledged.

2. That he should pay the further sum of $1380 in seven days from the date thereof, on the delivery of a good and sufficient deed of conveyance for the premises, free and clear of all and every encumbrance.

3. Searches to be made, and the expenses thereof mutually paid, and the defendant to take the premises subject to any existing agreements between the plaintiff and the present occupant of the premises.

The agreement contained a covenant on the part of the defendant not to conduct, carry on, or suffer to be conducted or carried on, the grocery business in said store for the term of ten years next ensuing the date thereof, unless the said Whitfield should discontinue the business of a grocer in Belleville.

The agreement concluded with the following clause: " To the whole of which agreement the parties aforesaid hereby agree and bind themselves, their heirs, executors, administrators, and assigns, under the penalty and forfeiture of five hundred dollars, to be forfeited and paid by the failing party to the other party."

The action was an action of covenant to recover damages for the breach of the covenant above stated. The jury, having found that the covenant was broken by the defendant, were directed to find for the plaintiff $500, the sum above named, leave being given to the defendant to apply to the court on the coming in of the *postea* to enter judgment for nominal damages.

Argued at February Term, 1871 before Justices DEPUE and VAN SYCKEL.

For plaintiff, *T. Runyon.*

For defendant, *T. P. Ranney.*

DEPUE, J. Notwithstanding the recital in the articles of agreement, that the plaintiff " has, and by these presents doth, grant, bargain, and sell " the said premises to the defendant, the instrument is an executory agreement for the sale and conveyance of the premises. The stipulations for an examination of title, and the payment of the balance of the purchase money at a future day, on the delivery of a deed of conveyance, without which title would not pass, are decisive on that point.

Before the passage of the statute of 8 and 9 *William III.,* in an action of debt on an agreement, performance of which was secured by a penalty, the recovery was for the entire penalty. The relief was solely in equity, and originally was only granted in cases of fraud, extremity, or accident. *Cary's R. 1 ; Har. Law Tracts* 431. At a later period a practice sprung up in chancery to grant relief in all cases where the sum named was a mere penalty to secure performance, and compensation could be obtained on an issue of *quantum damnificatus.* 2 *Story's Eq. Jur.,* § 1314. The earlier cases are collected in an elaborate note by Mr. Evans, in his edition of the English statutes. 3 *Evans' Statutes* 324.

Independently of this statute, where the plaintiff sought his remedy not by an action of debt for the penalty, but by an action of covenant to recover damages, the measure of recovery was not advanced to, or limited by, the sum named as a penalty. He recovered his actual damages, whether they were greater or less than the penalty. *Winter* v. *Trimmer,* 1 *Wm. Black.* 395 ; *Harrison* v. *Knight,* 13 *East* 343 ; *Lowe* v. *Peers,* 4 *Burr.* 2225 ; 1 *Saund.* 58, c. The effect of the statute was to put actions for the recovery of penalties for default in the performance of agreements upon the same basis as actions directly upon the agreement to recover damages, with respect to the *quantum* of recovery. The operation of

the statute is to provide substantially the same measure of relief in the action at law as the defendant might have obtained after judgment by the intervention of a court of equity.

Although this statute does not apply to actions of covenant, its language will tend to elucidate the subject matter of inquiry in this case. At the present day, neither in an action of covenant nor in action of debt, will a plaintiff be entitled, as a matter of course, to recover the sum named in the agreement merely to secure performance. In both actions, as a general rule, the recovery will be for the actual damage sustained by the breach of the agreement.

The cases not within the statute are those in which the parties have, by mutual agreement, settled the amount of damages which the one party shall pay and the other shall accept, as satisfaction for the performance or omission of a specified act. The principle is, that although parties may not contract for anything more than indemnity, they may stipulate for the measure of such indemnity when the subject matter of the contract is such that the damages sustained by a breach are uncertain, and are not susceptible of being reduced to a certainty by any method of legal computation; and indemnity for the injury is incapable of being ascertained with precision by the rules of evidence by which compensation is ascertained in the trial of causes.

Contracts of this kind are mutually binding upon the parties. While the defendant is bound to pay the stipulated sum as liquidated damages, the plaintiff is also bound to accept the same in satisfaction of, and as a full compensation for, the breach of the agreement to which it applies. *Shiell* v. *McNitt*, 9 *Paige* 101. In *Lowe* v. *Peers*, Lord Mansfield says: "Where the precise sum is not of the essence of the agreement, the *quantum* of damages may be assessed by the jury, but where the precise sum is fixed and agreed upon between the parties, that very sum is the ascertained damage, and the jury are confined to it." In *Sainter* v. *Ferguson*, a bill was filed for an injunction to restrain the defendant from

violating his agreement not to practice as a surgeon or apothecary within certain limits, under a penalty of £500. The Vice Chancellor refused to interfere, on the ground that the plaintiff's equity depended on the legal effect of the agreement between the parties, and directed the motion for an injunction to stand over, with liberty for the plaintiff to bring such action as he might be advised. An action was accordingly brought, and the plaintiff obtained a verdict for the £500 as liquidated damages. 7 *M., G. & S.* 716. On the renewal of the application for an injunction, the Vice Chancellor made an order for an injunction, on condition that the plaintiff should not present his judgment for allowance under a *fiat* of bankruptcy against the defendant. Lord Cottenham, on appeal, discharged the order, on the ground that the plaintiff having recovered in the action at law, the satisfaction agreed upon had no legal right remaining which the court should protect. 1 *McN. & G.* 286.

In a court of law, in an action to recover damages there is no distinction which can be supported on principle between agreements for liquidated damages and alternative contracts.

The cases in which the stipulated sums have been adjudged to the plaintiffs, illustrate the class of obligations to which this principle applies. Agreements to pay a further yearly rent of £50 for every acre of certain fields ploughed up. *Farrant* v. *Olmius*, 3 *B. & Ald.* 692. To pay an increased rent of £25 if the lessee failed to reside on the demised premises. *Ponsonby* v. *Adams*, 6 *Brown P. C.* 417. To pay a certain sum per week for such time as a building contracted for should remain unfinished after the contract time. *Fletcher* v. *Dycke*, 2 *T. R.* 32 ; *Legge* v. *Harlocke*, 12 *Q. B.* 1015. To pay $4000 in default in erecting two houses of specified dimensions by a certain day, on lots sold to the plaintiff. *Pearson* v. *Williams*, 24 *Wend.* 244 ; *S. C.*, 26 *Wend.* 630. To marry the plaintiff. *Lowe* v. *Peers*, 4 *Burr.* 2225. To pay £50 in the event that the defendant, employed as a commercial traveler, should travel over the same ground for any other house. *Muniford* v. *Gettung*, 7 *C. B., N. S.* 305. Not to publish, or assist in publishing, a rival newspaper. *Wil-*

*liams* v. *Dakin*, 22 *Wend.* 201. To withdraw an opposition coach from a passenger line. *Burton* v. *Glover*, 1 *Holt* 43. Not to practice within prescribed limits as a surgeon, apothecary or medical practitioner. *Merce* v. *Irving, E., B. & E.* 563; *Sainter* v. *Ferguson*, 7 *M., G. & S.* 716; *Reynolds* v. *Bridges*, 6 *E. & B.* 528; *Atkins* v. *Kinnear*, 4 *Exch.* 776. Or as an attorney. *Galsworthy* v. *Strutt*, 1 *Exch.* 658. Or perfumer. *Green* v. *Price*, 13 *M. & W.* 694; *S. C.*, 16 *M. & W.* 346, were held to be such in their nature as that compensation for a breach was incapable of accurate ascertainment, and therefore might be contracted for between the parties.

The covenant sued on in this case is in that class of contracts with respect to which parties may lawfully liquidate the damages by agreement.

Have the parties contracted for the liquidation of the damages that shall be recoverable on the breach of this covenant? That is a question of construction.

The use of the word penalty, in connection with the sum named, is not decisive on this point. In *Sainter* v. *Ferguson*, the defendant bound himself not to practice at M., or within seven miles thereof, "under a penalty of £500;" and it was held that the £500 was not a penalty, but liquidated damages. In delivering his opinion, Coltman, J., uses this language: "Although the word penalty, which would, *prima facie*, exclude the notion of stipulated damages, is used here, yet we must look at the nature of this agreement, and the surrounding circumstances, to see whether the parties intended the sum mentioned to be a penalty or stipulated damages. Considering the nature of this agreement, and the difficulty the plaintiff would be under in showing what specific damage he has sustained from the defendant's breach of it, I think we can reasonably construe it to be a contract for stipulated and ascertained damages."

The defendant, by an obligation under seal, for the consideration of $1, agreed not to run a stage between B. and P., "in the penalty of two hundred and ninety dollars;" *held*, that the sum mentioned was liquidated damages. *Pierce* v. *Fuller*, 8 *Mass.* 223.

Where a contracting party stipulates upon a given event to forfeit and pay a specified sum, the natural and plain import of the language is that he will pay that precise sum, unless a contrary intention is to be inferred from other parts of the agreement. *Cheddick* v. *Marsh*, 1 *Zab.* 463.

Nor is the use of the words "liquidated damages," conclusive. If the court can see from the whole instrument taken together, that there was no intention that the entire sum should be paid absolutely on the non-performance of any of the stipulations of the deed, they will reject the words and consider it as being in the nature of a penalty only. Per Park, B., in *Green* v. *Price*, 13 *M. & W.* 701; *Kembe* v. *Tarren*, 6 *Bing.* 141; *Horner* v. *Flintoff*, 9 *M. & W.* 678; *Shiell* v. *McNitt*, 9 *Paige* 101.

It will be perceived from this citation of authorities, that the name given by the parties to the sum specified will not have a controlling effect, if their intention appears otherwise from the consideration of the whole agreement. If it be doubtful from the whole agreement, whether it is intended as a penalty or stipulated damages, it will be construed as a penalty. *Cheddick* v. *Marsh*, 1 *Zab.* 463. And if it is called a penalty it will be held to be such, unless that construction is overcome by very clear evidence of an intention to the contrary, derived from other parts of the agreement. *Sedg. on Dam.* 421.

The words used in this agreement are appropriate to the description of the sum named as a penalty, or as liquidated damages. In this respect it is similar to the covenants sued on in *Davies* v. *Penton*, 6 *B. & C.* 216; and in *Leighton* v. *Wales*, 3 *M. & W.* 545. In the first of these cases, the sum was held to be a penalty, and in the latter liquidated damages. Both cases were decided upon the intention obtained from the nature of the respective agreements.

The clause in question extends to the undertakings of both parties, and comprehends every part of the agreement on both sides. In general, a sum of money in gross, to be paid for the non-performance of an agreement, is considered as a penalty, and not as liquidated damages. *Taylor* v. *Sandiford*, 7 *Wheat.* 13. It applies to the covenant on the part of the

plaintiff to make conveyance, and to that on the part of the defendant to pay the residue of the consideration money on the delivery of the deed, and the inconsiderable sum that will be required to defray half the expense of the searches, as well as to the covenant which is sued on. The rule is well settled, that a sum named in an agreement containing disconnected stipulations of various degrees of importance, will be considered as a penalty, though it is called in the agreement liquidated damages, unless the agreement specify the particular stipulation or stipulations to which the liquidated damages are to be confined. *Astley* v. *Weldon,* 2 *B. & P.* 346; *Kemble* v. *Farren,* 6 *Bing.* 141; *Boyes* v. *Ancell,* 5 *Bing., N. C.,* 390; *Horner* v. *Flintoff,* 9 *M. & W.* 678; *Cheddick* v. *Marsh,* 1 *Zab.* 463.

Besides that, the covenants for the payment of the balance of the purchase money and the half of the expenses of the searches, are such that the damages may be precisely ascertained by legal computation. The measure of damages in the one case is the unpaid purchase money, with the interest thereon; in the other, the half part of the expense incurred in making the searches. As to these covenants, the $500 cannot be considered as liquidated damages. *Boyes* v. *Ancell,* 5 *Bing., N. C.,* 390. A sum named cannot be liquidated damages in one case and not the other. It must be susceptible of being regarded as liquidated as to all the provisions to which it extends, or it will not as to any. It cannot be liquidated as to those breaches of the agreement which are, in their nature, uncertain, leaving those which are certain to a distinct remedy by the verdict of a jury. Per Tindal, C. J., in *Kemble* v. *Fawen.* Per Coleridge, J., in *Reynolds* v. *Bridge, C. E. & B.* 541; *Astley* v. *Weldon,* 2 *B. & P.* 352; *Shiell* v. *McNitt,* 9 *Paige* 101; *Niver* v. *Rossman,* 18 *Barb.* 50; *Cheddick* v. *Marsh,* 1 *Zab.* 463.

Judgment must be entered on the *postea* for nominal damages,

Van Syckel, J., concurred.

Cited in *Union Locomotive and Express Co.* v. *Erie Railway Co.,* 8 *Vr.* 27; *Hoagland* v. *Segur,* 9 *Vr.* 235.