CHARLES H. SMITH, APPELLANT, VS. GEORGE R. NEWELL ET AL., AS TRUSTEES, APPELLEES.

CONTRACTS—WHETHER SUM AGREED TO BE PAID ON BREACH OF IS A PENALTY OR LIQUIDATED DAMAGES—RULES FOR DETERMINING, AND RULES OF RECOVERY—MEASURE OF DAMAGE ON BREACH OF CONTRACT TO PURCHASE LAND.

1. Whether the sum mentioned in a contract, to be paid upon a breach thereof, is to be considered as *liquidated* damages, or as a *penalty* merely, is always a *question of law for construction by the court.* For the solution of such question no fixed or general rule can be laid down for the government of all cases, but each case must be governed, in large measure, by its own facts and circumstances. Some general rules have become well established, however, for the guidance of the courts in solving the question whenever presented that will govern the construction to be placed upon all contracts whose distinguishing terms and provisions bring them within the limits of such fixed rules. Among the general rules of construction so fixed and established, there is none more unanimously settled and agreed upon by the courts than the following: "A sum fixed as security for the performance of a contract containing a number of stipulations of widely different importance, breaches of some of which are capable of accurate valuation, for any of which the stipulated sum is an excessive compensation, is a penalty."

2. If the sum mentioned in a contract to be paid for a breach thereof is construed to be *liquidated, stated* or *stipulated* damages, then it can be directly sued for and recovered as such in an action of debt or assumpsit; and, in such case, no proof is necessary on the plaintiff's part of the sustainment of any *actual* loss or damage by reason of the breach, but he sues for and recovers such *stipulated* sum as upon a *special promise to pay that first sum.* All that is necessary to entitle the plaintiff to recover the *stipulated sum,* in such a case, is to show the breach of the contract upon which the payment thereof depends.

3. If, however, the sum mentioned in a contract to be paid upon a breach thereof, is construed to be merely a *penalty,* and not *liquidated* or *stipulated* damages, then the plaintiff must sue for the damage *actually resulting* from the breach, and not for the specific sum named as the penalty, and he must *allege* and

*prove*, not only the *breach* of the contract, but such other essential matters of fact as are necessary to show that he has sustained *actual* damage by such breach. In such a case he can not recover any greater sum as damages than his proofs show him to have *actually* sustained in consequence of the breach. He is entitled in such a case, however, to recover *all* such damages as he proves himself to have *actually sustained* by the breach, whether they *exceed the amount of the penalty* mentioned in the contract or not. The amount of the *penalty* does not, in such cases, limit the amount of the recovery.

4. The measure of the vendor's damage in case of the purchaser's failure to pay the agreed purchase price of land is the difference between the agreed purchase price and the actual value of the land at the time of the breach of the contract of purchase.

Appeal from the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*J. M. Cheney*, for Appellant.

*Beggs & Palmer*, for Appellees.

TAYLOR, J.:

George R. Newell *et al.*, as trustees of the Presbyterian Church of Orlando, Florida, in June, 1890, sued Charles H. Smith in the Circuit Court of Orange county in an action of debt upon the following contract for the purchase by the defendant of a lot of land: "This agreement made this sixth day of April, A. D. 1889, between J. W. Anderson, S. E. Ives, Geo. R. Newell, C. H. Munger and C. G. Lee, as Trustees of the Presbyterian Church of Orlando, Florida, parties of the first part, and Chas. H. Smith, of Orlando, Florida, party of the second part, witnesseth: That the parties of the first part as trustees as aforesaid for and in

consideration of the sum of three thousand dollars to be paid by the party of the second part as hereinafter specified, agree to convey to the party of the second part, within one year from the date hereof, all that lot of land situate in the city of Orlando, in the county of Orange and State of Florida, known and described as Lot No. Three, of Block No. Thirty-six, of R. R. Reid's addition to Orlando, according to a plat of said addition on record in the office of the Clerk of the Circuit Court of said county and State, and to execute and deliver to the said party of the second part a good and sufficient warranty deed to said land free of all encumbrances, saving and excepting a mortgage to C. W. Harkness, trustee, given to secure the payment of the sum of twelve hundred and fifty dollars, and thereto they bind themselves, their successors in office and assigns firmly by these presents. And the said party of the second part for and in consideration of the premises, and the sum of one dollar to him in hand paid, the receipt whereof is hereby acknowledged, hereby agrees that within one year from the date hereof he will pay for said described land the said sum of three thousand dollars, to-wit: The party of the second part will pay the sum of seventeen hundred and fifty in cash, and will assume the payment of the aforesaid mortgage of twelve hundred and fifty dollars to C. W. Harkness, trustee. The party of the second part further covenants and agrees to pay to the parties of the first part interest on said sum of seventeen hundred and fifty dollars from date, until fully paid, at the rate of eight per cent. per annum, and to pay all interest accruing on said sum of twelve hundred and fifty dollars due C. W. Harkness, trustee, from date until fully paid. The said party of the second

part further covenants with the parties of the first part that should he, the said Charles H. Smith, fail to pay said sums of money, either principal or interest, when the same may become due, that he will pay to the said parties of the first part the sum of five hundred dollars in cash, and will forfeit all claims to the lands hereby agreed to be conveyed, and thereto the said Charles H. Smith binds himself, his heirs, executors and administrators firmly by these presents." The declaration, by apt words, makes this agreement a part thereof, and claims only the $500, named therein to be paid upon a breach by the purchaser, as *liquidated, stated* or *stipulated damages*.

The declaration was demurred to upon the ground, among others, that it failed to show how or wherein the plaintiffs have been damaged. This demurrer was overruled, and the defendant interposed three pleas, as follows: 1st. That it is true that the plaintiff signed the bond as set forth in the plaintiffs' declaration, but the defendant denies that the plaintiffs have ever tendered a good and sufficient deed to the land in said bond described to this defendant. 2d. For a further plea the defendant says that the plaintiffs have suffered no damage from the alleged fact that the contract of purchase and sale has not been carried out between this defendant and the plaintiffs. 3d. And for a further plea the defendant says that the said plaintiffs as trustees have no authority to convey the land in said agreement described by a good and sufficient warranty deed, nor did they have such authority at the time of bringing this suit, or at any time prior thereto. The plaintiffs demurred to all of these pleas. The court sustained the demurrer to the last two pleas, and it was withdrawn as to the first. The ground of

C. H. Smith v. G. R. Newell et al., Trustees.—Opinion of Court.

demurrer to the second plea was: "That the sum promised to be paid was certain and a positive promise, and that no damage was necessary to be proven." The plaintiffs replied to the defendant's first plea, alleging that the defendant had waived the tender of the deed from the plaintiffs. Trial was had before a jury and a verdict was rendered for the plaintiffs in the sum of five hundred and fifty-four dollars and fifty cents, but the court, on motion for new trial, ordered the entry of a *remittitur* for the $54.50 assessed as interest upon the main sum of $500, and judgment was entered against the defendant for the last named sum, and from this judgment (prior to the adoption of the Revised Statutes) the defendant took this statutory appeal.

At the trial the plaintiffs introduced the written agreement and proved that the defendant had wholly failed to comply with any of the terms thereof; and by one witness proved orally that the plaintiffs were ready at the time stipulated to make a deed to the land, but that the defendant had waived formal tender thereof at the time, and had requested further time to comply on his part. With this proof the plaintiffs rested their case and did not offer any proof whatever tending to show that they had sustained any *actual* damage or loss by reason of the defendant's non-compliance. The defendant introduced no evidence at all. Among other grounds the defendant moved for a new trial because the verdict was contrary to law and to the evidence; and because it had no foundation to rest upon, there being no proof that the plaintiffs had sustained any *actual* loss or damage by reason of defendant's breach of the contract. This motion the judge overruled.

C. H. Smith v. G. R. Newell et al., Trustees —Opinion of Court.

All of the rulings mentioned are assigned as error. The question of their correctness or incorrectness hinges upon the proper construction of the written contract upon which the suit is based. If the sum of five hundred dollars that has been specifically sued for and recovered, and that was covenanted to be paid by the defendant in the event of his failure to comply with his part of the contract, can be held to be *liquidated, stipulated* or *stated* damages, then the rulings complained of are, in the main, correct; but if that sum is to be held simply as a *penalty* in the contract, then the rulings were entirely erroneous, and the whole theory upon which the plaintiffs have brought and tried their case is without foundation. If the contract provides for a definite sum as the *liquidated, stated* or *stipulated* amount to be paid upon a breach thereof, then the amount so *stipulated, liquidated* and fixed upon by the parties can be directly sued for in debt or assumpsit and recovered, as is attempted in this case; and, in such event, no proof is necessary on the plaintiffs' part of the sustainment of any *actual* loss or damage by reason of the defendant's breach, but he sues for and recovers the *stipulated* sum as upon a *special* and *specific promise to pay that sum.* All that is necessary to entitle the plaintiff, in such a case, to recover the *stipulated sum* is to show the breach of the contract upon which the payment thereof depends. If, on the other hand, the sum mentioned in the contract to be paid upon the breach thereof, is construed to be merely a *penalty*, and not *liquiated* or *stipulated* damages, then the plaintiff must sue for the damage *actually resulting* from the breach, and not for the specific sum named as the penalty, and must allege not only to the breach of the

contract, but such other essential matters of fact as are necessary to show that he has sustained *actual* damage by reason of the breach; and he must *prove* the *actual damage* that he has sustained, and he can not, in such a case, recover any greater sum as damages, than his proof show him to have *actually sustained* in consequence of the breach of the contract. In such cases the plaintiff is entitled to recover all such damages as he proves himself to have *actually sustained* in consequence of the breach, whether they *exceed the amount of the penalty* mentioned in the contract or not. The amount of the *penalty* does not, in such cases, limit the amount of the recovery· Noyes vs. Phillips, 60 N. Y. 408. Whether the sum mentioned in the contract is to be considered as *liquidated* damages, or as a *penalty* merely, is always a question of law for *construction by the court*. It is a question that has often come before the courts, both in this country and in England, and has given rise to as great a variety of judicial utterance as there are kinds of contracts among men. All the courts agree that for its solution no fixed or general rule can be laid down for the government of all cases, but that each case must necessarily stand, for its proper construction, in large measure upon its own bottom. Some general rules have become well established, however, for the guidance of the courts in solving the question whenever presented, that will govern the construction to be placed upon all contracts whose distinguishing terms and provisions bring them within the limits of such rules. Among the general rules of construction so settled and agreed upon by the courts, there is none more firmly established than the following: "A sum fixed as security for the performance of

a contract containing a number of stipulations of widely different importance, breaches of some of which are capable of accurate valuation, for any of which the stipulated sum is an excessive compensation, is a penalty." 1 Sedgwick on Damages (8th ed.), sec. 411 and citations. It is due to the careful compilers of this edition of this excellent work to say that we have verified the entire text of Chapter twelve thereof, that treats fully of this subject, by an examination of the cases cited in support of the propositions it lays down, and find them fully and accurately sustained by the cases cited, and by others as well. Heatwole vs. Gorrell, 35 Kansas, 692, 12 Pac. Rep. 135; Watts' Exrs. vs. Sheppard, 2 Ala. 425. One of the most thoroughly considered and ablest discussions of the subject that we have met with is the opinion of Judge Christiancy, in Jaquith vs. Hudson, 5 Mich. 123; Pennypacker vs. Jones, 106 Pa. St. 237; Burrage vs. Crump, 3 Jones' L. 330; Gower vs. Saltmarsh, 11 Mo. 271; People vs. Central Pacific R. R. Co., 76 Cal. 29, 18 Pac. Rep. 90; Graham vs. Bickham, 4 Dallas (Pa.) 149, S. C. 2 Yates, 32, 1 Am. Dec. 328; (see especially the exhaustive notes to the report of this case in 1 Am. Dec. 331 *et seq.*); Shute vs. Taylor, 5 Met. 61; Foley vs. McKeegan, 4 Iowa, 1 (a leading case), S. C. 66 Am. Dec. 107; Kemble vs. Farren, 6 Bing. (19 Eng C. L.) 141; Schofield vs. Tompkins, 95 Ill. 190, S. C. 35 Am. Rep. 160; Fisk vs. Gray, 11 Allen, 132; Shiell vs. McNitt, 9 Paige 101; Streeper vs. Williams, 48 Pa. St. 450. The contract here falls squarely within the rule quoted. The $500 provided therein to be paid upon the defendant's failure to comply therewith is a *penalty* merely, and not *liquidated, stated* or *stipulated* damages; and the judge below

erred in construing it to be the latter.    It provides for the performance of several distinct acts on the part of the defendant of widely diverse importance, *viz:*    (1) that within one year from its date the defendant will pay to the plaintiffs $1,750 in cash; and (2) interest thereon from date at the rate of eight per cent. per annum; and (3) also pay the mortgage to Harkness for $1,250; and (4) pay the interest thereon accruing from date; and the condition upon which the penalty of $500 shall fall if the defendant's failure to pay "*either* of said principal sums *or the interest* thereon."    Neither does the penalty stop on the payment of the $500, but in addition thereto, by the terms of this contract, the defendant would forfeit all claims to the land upon his failure to pay the one year's interest on either of the named principal sums, whether he paid such principal sums or not.    Suppose the defendant on the date stipulated had paid off the mortgage to Harkness in full, principal and interest, and had also paid the plaintiffs the principal sum of $1,750, but had failed to pay the sum of $140, the one year's accrued interest on the $1,750; under the literal terms of this contract, if it were construed as providing for *liquidated damages*, he would then become liable absolutely for the $500, and would, besides, forfeit all claims to the land; just as much so as if he had wholly failed to pay any of the agreed sums.    The courts will never so construe the terms of such contracts as to permit them to lead to such unconscionable and inequitable results.

The measure of the vendor's damage in case of the purchaser's failure to pay the agreed purchase price of land is the difference between the agreed purchase price and the actual value of the land at the time of

the breach of the contract of purchase.    Frazier vs.
Boggs, decided at the present term, and cases cited.

Construing the contract between these parties as *not*
providing for *liquidated* damages, the plaintiffs here
were entitled to recover only according to the above
measure.    Their declaration fails to show wherein they
have been damaged, by its failure to allege that there
was any difference, at the date of the contract's breach,
between the defaulted contract price of the land and
its actual value at that time.    The defendant's de-
murrer to the declaration should have been sustained.

This disposes of the case, as now presented, and
there is no necessity, even were it proper, for us to
consider the other assignments of error predicated
upon rulings made on the defendant's pleadings sub-
sequent to the overruling of his demurrer to the dec-
laration.    South. Fla. Tel. Co. vs. Maloney, 34 Fla.
338, 16 South. Rep. 380; S. F. & W. Ry. Co. vs. State,
23 Fla. 579, 3 South. Rep. 204; City of Orlando vs.
Heard, 29 Fla. 581, 11 South. Rep. 182.

The judgment of the court below is reversed with
directions to sustain the defendant's demurrer to the
plaintiffs' declaration.