(85 South. 570)

J. B. COLT CO. v. ARMSTRONG LIGHT CO. (6 Div. 647.)

(Court of Appeals of Alabama. Feb. 10, 1920. Rehearing Stricken April 6, 1920.)

1. DAMAGES ⬤➡77 — WHETHER LIQUIDATED DAMAGES OR PENALTY DEPENDS ON INTENTION.

Regardless of the numerous rules for determining whether provisions of contract are for a penalty or liquidated damages, the question is the intention of the parties.

2. DAMAGES ⬤➡81—PROVISION FOR FORFEITURE OF DEPOSIT HELD LIQUIDATED DAMAGES.

Where a contract for the sale of generators at an agreed price provided that defendant should be plaintiff's sole agent in 29 counties, that shipment of entire order should be made within one year, and that if defendant should fail to authorize the shipment of all the generators the cash deposit should be forfeited, the provision, in view of the whole contract, should be treated as liquidated damages instead of penalty, and where defendant failed to order shipment of the entire lot within the stipulated time, he cannot have the amount of his deposit applied against other indebtedness due.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Assumpsit by the J. B. Colt Company against the Armstrong Light Company. From an insufficient judgment for plaintiff, plaintiff appeals. Reversed and remanded.

Thompson & Thompson, of Birmingham, for appellant.

The court improperly construed the contract as imposing a penalty, while it was a contract for liquidated damages. 136 Ala. 610, 33 South. 884; 137 Ala. 132, 34 South. 13; 138 Ala. 650, 35 South. 694; 2 Ala. 425; 136 Ala. 600, 33 South. 818; 85 Ala. 552, 5 South. 149. The application for rehearing should not be considered, since no brief was filed by appellee. Rule 13 of Supreme Court, as amended by rule 38.

A. Leo Oberdorfer, of Birmingham, for appellee.

Counsel discuss the opinion of the bill, and insist that the appellant breached the contract, and could not claim either penalty or liquidated damages. 184 Ala. 236, 63 South. 982; 137 Ala. 513, 34 South. 816. The findings of facts by the trial court will not be disturbed on appeal, unless clearly erroneous. 15 Ala. App. 451, 73 South. 764.

MERRITT, J. The plaintiff brought a suit to recover on account the sum of $328.70 of the defendant. The defendant pleaded, in short by consent, the general issue, with leave to give in evidence any matter which, if well pleaded, would be admissible in defense of the action. The case was tried by the judge without a jury and judgment was rendered for the plaintiff for the sum of $36.29, from which judgment the plaintiff appeals. The amount sued for and claimed by the appellant was a balance due for certain generators and fixtures sold by the plaintiff to defendant under a contract entered into by plaintiff and defendant on September 15, 1911, whereby defendant purchased from the plaintiff 40 generators at an agreed price with certain discounts and at the time of purchase and contracting paid on each of the generators the sum of $10.80, or a total of $432 to the plaintiff. It was stipulated in the contract that defendant was to be plaintiff's sole agent in 29 counties, and that plaintiff would not itself sell generators in said counties and during the life of the contract which was for a period of 12 months. The following appeared in and as a part of said contract:

"Shipment of this entire order of forty generators to be made within one year from date of this order, as the purchaser may direct, but should purchaser fail to authorize shipment of all of said generators within one year from date of this order, the cash deposit remaining on any of said generators that are not shipped under this order becomes on September 16, 1912, forfeited to the company."

Only 12 generators were ordered out for shipment during the 12 months, 28 remaining in the hands of the defendant not disposed of. We take it that a construction of this contract led to the judgment of the trial court and that its construction here is decisive of the case. Should the amount in the hands of the plaintiff for which the defendant has not received credit, viz., $302.40, be declared from the terms of the contract liquidated damages or a penalty, for if a penalty the defendant is entitled to a credit for the same against whatever amounts may be owing by it to the plaintiff, and if the amount is to be regarded as liquidated damages, the defendant is not entitled to credit, and the plaintiff was entitled to judgment for the amount sued for with interest? Evidently the trial judge regarded the same as a penalty.

[1, 2] As to whether contracts of this kind provide for liquidated damages or penalties has long been a question which law-writers, judges, and courts, in England and this country, have formed certain rules for determining the question; in fact, so many rules, until one would hardly think a case could arise where there is not some rule to guide and fit the particular case. It would almost seem to the writer that herein has arisen much of the confusion—too many rules, and an insatiable desire to formulate some new rule. And yet, the saving clause

in all these rules, the purpose in all, appears to be one thing—the thing that should be Alpha and Omega—to ascertain what the parties intended.

Can any one read the terms of the contract in question dealing with this phase of the matter, and have any doubt as to what the parties intended? Can there be any doubt that the plaintiff sold the defendant 40 generators at an agreed price, that defendant was given exclusive territory in 29 counties for the sale of the same, that it made a payment of $10.80 on each generator or a total of $432 on the 40 generators, which amount would be credited on the purchase price, and that the amount remaining for those not ordered out, if any, became the property of the plaintiff?

Whether it was called liquidated damages or a penalty is not the question, but is it not clearly and explicitly expressed and said what the parties intended? We hold that all men have the inalienable right to contract as they please, and when a contract is fairly and clearly made it is binding on both parties. The contract is to govern, and the true question is: What was the contract? Whether it was folly or wisdom for the contracting parties thus to bind themselves is of no consequence, if the intention is clear. If there be no fraud, circumvention, or illegality in the case, the court is bound to enforce the agreement. 13 Cyc. 90, 91, and notes.

This matter had the consideration of our Supreme Court at an early day; and, while the able Chief Justice (Collier) made reference to all the rules laid down touching on the construction of contracts of this kind, yet he shows clearly that all of those rules are for the purpose of ascertaining what was the intention of the parties. He says:

"The first general principle in the construction of all contracts is that they should be so expounded, as to carry into effect the intention of the parties." Watts' Ex'rs v. Sheppard, 2 Ala. 425.

In the other leading case of Keeble v. Keeble, 85 Ala. 552, 5 South. 149, the Supreme Court, speaking through Somerville, J., said:

"The court will always seek to ascertain the true and real intention of the contracting parties."

The court also said on this subject (Henderson v. Murphree, 109 Ala. 556, 20 South. 45):

"But it is agreed on all hands, that where the true intention of the parties, who are legally competent to contract, is clear and unmistakable, the courts will give it effect; * * * courts will not relieve them from the hardships of hard or improvident bargains, if made."

And after stating certain rules, added:

"But when the purpose is clear, * * * there seems to be no reason to hesitate to give it effect."

In Stratton v. Fike, 166 Ala. 203, 51 South. 874, it is said:

"The first general principle in the construction of all contracts is that they should be so expounded as to carry into effect the intention of the parties. * * * The parties were competent to contract. Neither was the ward of the court. The stipulation is clear and certain, and we cannot know or say that it was unreasonable, oppressive, or unconscionable. We think it should be enforced as it was written."

We think the contract in the present case is clear and definite, and there is no room for construing it to mean anything other than that which it states. For us to do otherwise would be to make a contract for the parties which they did not make for themselves, and certainly the defendant cannot complain, for under the contract—its contract—exclusive as to territory, it could have ordered out the remaining 28 generators and gotten credit for each of them, but instead we are asked to decide that it may undo its bargain, and hand it, as it were, a premium for so doing. The testimony shows that the plaintiff was ready, willing, and able at all times to carry out its part of the contract. It matters not whether it be called liquidated damages or a mere compliance with its contract, and cannot now, when sued for an account admittedly due, ask as an offset against the same, money which would grow out of bad faith in keeping its contracts.

The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.