HAZEL F. METZ v. KENNEDY INVESTMENT COMPANY.

160 So. 5.

Division A.

Opinion Filed March 13, 1935.

*McCune, Hiaasen & Fleming,* for Appellant;

*Rogers & Morris* and *W. F. Parker,* for Appellee.

BROWN, J.—The appellant filed a bill in the Circuit Court of Broward County to rescind a contract for the purchase of certain real property, on which was located a small hotel in Hollywood, Florida, upon the ground of a fraudulent misrepresentation made by the seller as to the maturity date of a certain mortgage on the property, which the purchaser was to assume. The purchase price was $15,000.00, $7,000.00 to be paid in money and $8,000.00 by the assumption by the purchaser of the existing mortgage on the property in the sum of $8,000.00. The agreement between the parties was in the form of an escrow agreement with the vendor's deed and bill of sale attached, which, together with a portion of the purchase price, $2,500.00 in currency, and certain stock belonging to the vendee of the par value of $4,450.00, was placed in the hands of the escrow holder. The agreement made March 30, 1932, provided for the payment over to the vender of the $2,500.00 in cash on approval of the title, and that in the event of default by the vendee in making a $500.00 deferred payment shortly due, or a $4,000.00 deferred payment due one year later, or in paying the 1931 taxes on the property or in making any interest payment as it became due on the assumed mortgage the vendor should have the right to withdraw his deed

and bill of sale and the said stock should be forfeited as liquidated damages. The title was approved and the cash payment and the $500.00 payment made. It appears that the appellant vendee defaulted in the making of the $4,-000.00 deferred payment, due March 30, 1933, and some two weeks later, the escrow holder, after first giving notice to the vendee, allowing her five days to comply with the agreement, returned the deed and bill of sale to the vendor and also turned over to him the said stock consisting of forty-four and a half shares of the stock of National Loan and Investment Company of Detroit, Mich., par value $100.00 per share. The vendor then brought an ejectment suit against the vendee and her tenant to recover possession of the property. The bill prayed that, pending the determination of the cause, the defendant vendor be enjoined from further prosecution of the ejectment suit, and also from transferring the said forty-four and a half shares of stock, and the Chancellor granted temporary injunctive orders as prayed for. The bill also prayed that if the court should determine that the plaintiff was not entitled to a rescission, that she be relieved against the forfeiture of the stock, and that the defendant be permitted to recover only its said property together with such damages as the court should find the defendant had sustained by reason of any breach of the agreement by the plaintiff, after which the stock, or its reasonable value, should be restored to plaintiff.

Upon final hearing upon the pleadings and proof, the Chancellor dismissed the complainant's bill and dissolved the temporary restraining orders above referred to. In connection with this final decree, the Chancellor rendered an able and carefully prepared opinion in which he discussed the issues of law and fact involved in the case. He

found that the charge of fraud on the part of the vendor was not sustained by the evidence. The testimony being in conflict on that question, we would not be authorized to reverse this finding of the Chancellor on the facts. Upon this finding, the Chancellor concluded that the vendee, being in default and not having offered to make good such default, was not entitled to recover the purchase money payments theretofore made, amounting to some $3,000.00. Under the terms of the escrow agreement, we would not be justified in disturbing the Chancellor's ruling in this regard. See Realty Securities Corporation v. Johnson, 93 Fla. 46, 111 So. 532, and Hansbrough v. Pack, 5 Wall. 497, 18 L. Ed. 520.

But even conceding that the charge of fraud upon which the prayer for rescission of the contract was based was not sustained by the evidence, we are of the opinion that the provision in the escrow agreement which provided that if the $4,000.00 deferred payment was not made, or if certain other payments of taxes and interest were not met, the corporate stock should be forfeited to the vendor as liquidated damages, was in the nature of a penalty. The escrow agreement not only bound the vendee to pay the purchase price, $15,000.00, $3,000.00 of which was paid in cash and the remainder to be liquidated by the deferred payment of $4,000.00 and the assumption of the $8,000.00 mortgage, but it also required the purchaser to put up the said corporate stock with the escrow holder, and provided, as above stated, that if the $4,000.00 deferred payment was not made, or if the 1931 taxes, or the interest payments to the holder of the $8,000.00 mortgage, should not be paid when due, the seller should have the right to withdraw not only his deed and bill of sale, but should take the corporate stock which should be forfeited to him "as liquidated dam-

ages." So, under the Chancellor's decree, the purchaser not only lost the $3,000.00 which she had paid on the property, but her corporate stock also, the par value of which was $4,450.00. There was some testimony to the effect that the actual value of the stock was somewhat less than its par value, but that does not change the principle involved.

We are of the opinion that under the principles laid down in Smith v. Newell, 37 Fla. 147, 20 So. 249, and Arnold v. First Savings and Trust Co., 104 Fla. 545, 140 So. 660, that so far as the corporate stock was concerned, the provision in the agreement for its forfeiture was a penalty, instead of liquidated damages, for it provided that such stock should be put up as security for the performance of a number of stipulations, of widely different importance, breaches of some of which were capable of accurate valuation, and for which the stock was an excessive compensation. And it not appearing that the vendor-appellee suffered any actual damage from the breach of contract, having obtained the $3,000.00 cash payment and certain interest payments, and his property back, the Chancellor should have required said vendor to return said stock, or its reasonable value, to the vendee, complainant in the court below, as a condition precedent to a dismissal of the complainant's bill and the setting aside of the preliminary injunction enjoining the defendant vendor from transferring the stock and proceeding with his ejectment suit pending the litigation.

The decree appealed from will therefore be reversed and the cause remanded to the court below for further proceedings consistent with the foregoing opinion.

It is so ordered.

WHITFIELD, C. J., and DAVIS, J., concur.

Ellis, P. J., and Terrell, J., concur in the opinion and judgment.

Buford, J., dissents.