58 So.2d 673 (1951)
STENOR, Inc.
v.
LESTER et al.
Supreme Court of Florida, Division A.
December 11, 1951.
Rehearing Denied April 15, 1952.
*674 Keen, O'Kelley & Spitz, Tallahassee, and James H. Ruby, Miami Beach, for appellant.
Sibley & Davis, Miami Beach, for appellee.
HOBSON, Justice.
Appellant, defendant below, leased a hotel, with equipment to appellee on April 11, 1946, at a total rental of $57,000, payable at the rate of $11,200 per year.
Under the lease appellee was required to deposit with appellant $11,200 as "* * * security for the performance by the lessee of all the terms, conditions, covenants and agreements * * *." It was provided that on default by the lessee the entire sum at the option of the lessor should be retained as "liquidated and agreed upon damages" for breach or as a pro tanto amount for the lessee's actual damages. Interest was to be paid by the lessor on the amount held and it was provided that it should not be applied to rent. Provision was also made for the return of portions thereof at specified dates if no default had occurred up to that time.
The lease also provided that in case of damage to the property by fire, wind, etc. which does not render it wholly unfit for use, such damage should be repaired by the lessor and a proportionate part of rent credited to the lessee upon any unavailable portion of the premises for the length of time such part could not be used, and if the lessor should fail to expend sums required for executing any of the covenants, the lessee might pay same after ten days notice in writing to the lessor and deduct the amount from rent. It was further agreed that whenever the lessor should be required under the terms of the lease to expend any sums for the protection of the premises and effectuating any of his covenants, if the lessor should fail to make payments therefor the lessee might pay same, after ten days notice in writing to the lessor, and deduct the amount paid from the rent due.
On September 17, 1947, a hurricane damaged the property. Appellee, on April 22, 1949, filed a bill in equity for an injunction and an accounting, alleging that the lessor had not repaired such damage after notice and that appellee had expended a large sum on repairs; that appellee expended $400 in placing fire doors on the hotel as required by city ordinance; that appellee had to expend $664.30 on the installation of a water heater in order to furnish a sufficient supply of hot water to the hotel; that appellee had, on demand of appellant, paid $300 to appellant for linens which actually were supposed to be furnished by appellant as part of the inventory and that appellant refused to return such sum on demand; and appellee asserted a right of set-off against rent for the total amount due.
On April 15, 1949, appellant brought eviction proceedings in the Civil Court of Record, seeking at the same time to retain the $11,200 deposit.
The bill filed by appellee sought to enjoin the eviction action. A temporary injunction was granted. Appellant answered alleging that the $11,200 deposit rightfully belonged to him and denied other allegations of appellee's complaint. Appellant also filed a cross bill praying for dissolution of the temporary injunction, dismissal of the bill, that appellee be removed from the premises and appellant placed in possession, and for a judgment for damages for wrongful detention. After the filing of appellee's answer to the cross bill, appellant requested the appointment of a receiver. A receiver was appointed.
The master disallowed appellee's claims on grounds of nonassertion and inadequate notice, and found appellee to be in default; that the $11,200 was solely a security measure and that appellee was entitled to a return of the deposit less rent due and an amount for liability insurance.
The Chancellor found that appellee was due the $11,200 with interest; $1,488.44 for expenditure for storm damage repair, $400 for installation of fire doors, with interest, less $7,200 rent due, with interest and an amount for insurance premium.
*675 Both the appellant and appellee assert one question (essentially) on appeal  that is, whether the provision for the retention of the $11,200 security deposit is one for liquidated damages or for a penalty?
The courts have used in their determination of this question a number of general principles and have not bound themselves by any one rule. The principles are sufficiently broad to permit great latitude in their application.
The question of determination is one of law for the courts. Greenblatt v. McCall, 1914, 67 Fla. 165, 64 So. 748; Smith v. Newell, 1896, 37 Fla. 147, 20 So. 249. It has been stated innumerable times that the intent of the parties at the time the contract was made is the controlling factor or guide. Mayor of Brunswick v. Aetna Indemnity Co., 1908, 4 Ga. App. 722, 62 S.E. 475; J.B. Colt & Co. v. Armstrong Light Co., 17 Ala.App. 378, 85 So. 570. But from the opinions it is evident that intent is determined by the objective principles discussed herein.
The denomination of a sum as "liquidated damages" is not conclusive as to its character. Greenblatt v. McCall, supra.
The fundamental rule recognized almost universally is that when the actual damages contemplated by the parties upon breach are susceptible of ascertainment by some known rule or pecuniary standard and the stipulated sum is disproportionate thereto, it will be regarded as a penalty. Pembroke v. Caudill, 1948, 160 Fla. 948, 37 So.2d 538, 6 A.L.R.2d 1395. The prime factor is whether the sum named is just compensation for the damage resulting from breach. Though it is proper for parties to provide in advance for a sum to be paid or retained as liquidated damages, equity will not permit one seeking its aid to retain payments as liquidated damages in excess of his actual damages. Taylor v. Rawlins, 1905, 90 Fla. 621, 106 So. 424.
However, there runs throughout the numerous decisions another rule which appears plainly to govern the instant case  that is where an agreement is to pay the same sum for a partial as for a total breach or is to secure the performance of covenants of widely varying importance for any of which the sum is excessive, it will be regarded as a penalty. Greenblatt v. McCall, supra; Smith v. Newell, supra.
In the last case cited there were only four specific covenants of a vendee under a contract for the sale of realty: (1) to make a deferred payment one year from the date of the contract; (2) to pay the interest thereon; (3) to pay off an existing mortgage and (4) to pay the interest thereon. The Court rested its decision on the above rule. In the present suit there are twelve separate covenants of the lessee recited in the lease, all varying widely in degree of importance. The lease expressly provides that the "payments (on the security deposit) are and will be security for the performance by the lessee of all the terms, conditions, covenants and agreements in this lease contained * * *." This is in and of itself sufficient indication that the deposit was intended as "security" merely, and not as "liquidated damages."
The Court in Burns Trading Co. v. Welborn, 10 Cir., 81 F.2d 691, 106 A.L.R. 285, relied on so heavily by appellant, stated expressly that this rule was inapplicable to the situation there. Also in the Burns case the deposit was to apply to the last years rent. In the instant case the deposit was recited as security for performance of the covenants and was not to be used in payment of rent. Instead, provision was made for its return by installments near the termination of the lease period.
In Casino Amusement Co. v. Ocean Beach Amusement Co., 1931, 101 Fla. 59, 133 So. 559, where a lessee sued to recover $25,000 paid at the time of execution of the lease to apply on the last years rent, the Court held that in the absence of provision therefor rents paid in advance cannot be recovered by the tenant upon termination of the lease unless such termination is wrongful as against him. This case is distinguishable on two important points, (1) The sum was a part of the rent and not mere security; (2) the sum was to be forfeited on the failure of the lessee to make payment of rent only.
One other provision in the lease here tends toward an indication of a penal intention. *676 The lessee gave the lessor the option to retain the deposit as liquidated damages or to apply it pro tanto against his actual damages upon breach by the lessee. This is hardly distinguishable from Caesar v. Rubinson, 1903, 174 N.Y. 492, 67 N.E. 58, 59, where the lease provided that "said tenants shall deposit * * * one thousand dollars * * * as security for the faithful performance of this agreement * * * and in case of any breach thereof * * * said amount shall be paid and retained by said landlords as liquidated damages for such breach, but in case the actual damages * * * shall be greater than said sum * * * said sum shall be applied on account of such damage * * *." The Court held the deposit a penalty on the ground that this lack of mutuality indicated a penal intention as well as on the ground that actual damages were capable of ascertainment and the stipulated sum was disproportionate thereto. The option granted the lessor herein to retain the deposit as liquidated damages or apply it pro tanto against actual damages on lessee's default is the same.
When the stipulated sum is held to be a penalty, as in this case, the party seeking to recover for the breach must allege and prove his actual damages (Greenblatt v. McCall, supra; Smith v. Newell, supra). Upon the default of the lessee in the payment of rent appellant had the right to elect to treat the lease as terminated and resume possession of the premises, thereafter using the same exclusively as its own for its own purposes; or it might have retaken possession of the premises for the account of the lessee, holding the lessee in general damages for the difference between the rental stipulated to be paid and what in good faith appellant might have been able to recover from a reletting; or it might have stood by and done nothing and sued the lessee as each installment of rent matured, or for the whole when it became due. The record in this case shows that the procedure which was followed by appellant amounted to an election to pursue the first of these alternatives. Consequently, having made such election it could not thereafter, like the proverbial chameleon, change color and hold the lessee liable for the difference in the amount of rental stipulated in the lease and the amount which appellee might receive upon a reletting.
The court below did not err in crediting the amount of the balance of the rent due at the termination of the lease against the sum deposited because the default was alleged and proved and the lease contract, which was admitted in evidence, established the amount due as a balance on rent. See Caesar v. Rubinson, supra.
Appellant has failed to demonstrate clear error in the final decree from which this appeal was prosecuted.
Affirmed.
SEBRING, C.J., and TERRELL and THOMAS, JJ., concur.

Petition for Rehearing.
PER CURIAM.
Upon a reconsideration of this case in the light of the petition for rehearing we have determined for the sake of clarity to modify our original opinion, which has been done.
The petition for rehearing is denied.
SEBRING, C.J., and TERRELL, THOMAS and HOBSON, JJ., concur.