CHARLES CARROLL, Chief Judge.
Following a rehearing which was granted, we withdraw the opinion filed November 26, 1968, and substitute this revised opinion and judgment.
This is the second appeal which has come before us in this cause. See City of Miami Beach v. Championship Sports, Inc., Fla.App.1967, 200 So.2d 583, in which the facts are shown. There we reversed a judgment based on a directed verdict in favor of Championship Sports, Inc., and its surety Fidelity & Deposit Company of Maryland, the defendants below who are the present appellants. The cause was remanded to the circuit court with direction to grant the motion of the City of Miami Beach “for a directed verdict on the issue of liability for damages for failure to pay rent under the lease,” and for further proceedings. The Supreme Court of Florida denied cer-tiorari (207 So.2d 453).
Thereafter the city filed a motion, reciting the appellate proceedings referred to above, and requesting the entry of judgment in its favor for the specified rental ($10,000) with interest. On hearing the motion, without holding a trial on the issue of damages, the trial court entered judgment in favor of the city against the defendants for $10,000, without interest.
Appealing therefrom the defendants argue, and we agree, that the $10,000 rental provided for in the lease is not necessarily the proper measure of damages, and that upon the remand of the cause calling for the entry of a directed verdict against them on liability the defendants were entitled to a trial on damages. Brinson v. Howard, Fla.1954, 71 So.2d 172. See also Barton v. Miami Transit Co., Fla.1949, 42 So.2d 849, which shows similar procedure is followed, for trial of the issues on damages, when summary judgment on liability is granted to a plaintiff. As this cause initially was tried before a jury, the new trial on damages should have been before a jury, unless waived.
The lease provided that in event the lessee “failed to take possession” of the leased premises (for which a 24-hour lease period was granted), the city (lessor) would be entitled to liquidated damages consisting of “the full rent called for by the lease, including any disbursements or expenses incurred by the lessor in connection there *26 with.” It was not disclosed how the city would be required to pay “disbursements or expenses,” in event of nonuse of the premises by the lessee, which it would not have incurred if the lessee had occupied and used the premises as authorized by the lease. If the lessee had used the premises for a championship heavyweight prize fight as intended, it is obvious the city would have had certain expenses in connection therewith. In the latter event, the net remuneration to the city from the one-day lease would have been the stipulated rent less such expenses necessarily incurred by it. Nevertheless, the provision for liquidated damages to the city in the event of nonuse of the premises by the lessee was for the full rent plus, rather than less, any disbursements made or expenses incurred by the city in connection therewith.
As stated by the Supreme Court of Florida in Paradis v. Second Ave. Used Car Co., Fla.1952, 61 So.2d 919, 920, the provision of the lease for those damages as liquidated damages is not conclusive, and “it is a question of law to be determined by the court, depending on the terms of the instrument, its real character, the circumstances surrounding its execution and the condition attending its breach.” See also Stenor, Inc. v. Lester, Fla.1951, 58 So.2d 673, 675, and Hyman v. Cohen, Fla.1954, 73 So.2d 393, 398-399. On the trial on damages following remand, the provision for liquidated damages should be considered by the trial court in light of these cited authorities, and a judgment granted for the amount of damages proved. Stenor, Inc. v. Lester, supra.
We find merit also in the contention of the city, asserted in support of its cross assignment, that it is entitled to interest from the date of the breach of the contract, on such amount as may be found to be due it for damages.
Accordingly, the judgment is reversed and the cause is remanded for new trial on damages.