## RUFUS DWINEL *versus* S. P. BROWN.

In the event of his failure to faithfully " do and perform each and every con-
dition and stipulation expressed in" a certain license and agreement, for
carrying on a lumbering operation upon the plaintiff's land, the defendant
bound himself in writing to the plaintiff, "in the full and liquidated sum of
$1000, over and above the actual damages which the plaintiff might sustain
by reason of such non-performance. In an action to recover the $1000 : —
*Held*, that the sum named was liquidated damages, and recoverable.

Rules for construing contracts with reference to "liquidated damages,"
" penalties," &c.

ON REPORT.

ASSUMPSIT for the recovery of liquidated damages arising
from the non-performance of the defendant's agreement to
put teams upon the plaintiff's land and carry on a lumbering
operation thereon, and pay an agreed amount for stumpage.

The writ is dated Jan. 6, 1865.   The plaintiff introduced
the permit or contract signed by the parties,  dated Oct. 10,
1860.

The concluding clause of the permit is as follows : —

"And the said grantee hereby agrees with the said gran-
tor to go upon the premises with the said three or more
teams well manned and furnished, in due and proper season,
and cut and remove timber as aforesaid, and truly and faith-
fully do and perform each and every condition and stipula-
tion expressed in this license and agreement, hereby binding
himself in the full and liquidated sum of one thousand dol-
lars, well and truly to be paid to the said grantor on demand,
over and above the actual damage which said grantor may
sustain by the non-performance of any agreement hereinbe-
fore contained."

The case was thereupon withdrawn from the jury, to be
reported to the full Court, with the agreement that, if the
plaintiff is entitled to recover the thousand dollars liquidat-
ed damages, defendant was to be defaulted.

*J. W. Bradbury,* for the plaintiff.

*J. Baker,* for the defendant,

Cited 3 Parsons on Cont., 161, c. 8, § 2, and cases in note.

DICKERSON, J. — In the event of his failure to "do and perform each and every condition, and stipulation" in a certain license, and agreement for carrying on a lumbering operation upon the plaintiff's land, the defendant bound himself to the plaintiff, " in the full and liquidated sum of one thousand dollars, over and above the actual damage" which the plaintiff might sustain in consequence of such non-performance; and the plaintiff brings this action to recover said sum, as liquidated damages, for the breach of the contract by the defendant.

The question presented for our determination, is whether the sum named in the contract to be paid by the defendant on his failure to fulfil its conditions, is a penalty or liquidated damages.

It is competent for the parties, in making a contract, to leave the damages, arising from a breach of its provisions, to be determined in a court of law, or to specify the amount of such damages in the contract itself. If the contract is silent in respect to damages, the law will allow only the actual, proximate damages. In order, however, to provide for consequential damages, or secure the profits which are expected to arise from business, or contracts that depend upon the performance of the principal contract, or to save expense, or to render certain what would otherwise be difficult, if not impossible to ascertain, it is sometimes desirable that the contract should fix the amount of the damages. If, for instance, a party has a contract for building a ship at a large profit, conditioned upon his having her completed at a specified time, it would be competent for him, in contracting for the materials, to make the damages, in case of breach, sufficient to cover his prospective profits in building the ship. While, to persons unacquainted with the circumstances of the case, the damages stipulated in such a contract might seem greatly disproportionate to the loss sus-

tained by a breach of it, they might, in fact, be insufficient to indemnify the party against the loss he might sustain in being prevented from completing the ship according to his contract. The parties themselves best know what their expectations are in regard to the advantages of their under-taking, and the damages attendant on its failure, and when they have mutually agreed upon the amount of such dama-ges in good faith, and without illegality, it is as much the duty of the Court to enforce that agreement as it is the other provisions of the contract. As in construing the other parts of a contract, so in giving construction to the stipula-tion concerning damages, the intention of the parties gov-erns. The inquiry is, what was the understanding of the parties ; and when it is said, in judicial parlance, that certain language of the parties *is held* to mean liquidated damages, and certain other language, a penalty, this is affirmed of the intention of the parties, and not of the construction of the Court in contradistinction from such intention. It is the province of the Court to uphold existing contracts, not to make new ones. It is not for the Court to sit in judgment upon the wisdom or folly of the parties in making a contract, when their intention is clearly expressed, and there is no fraud or illegality. No judges, however eminent, can place themselves in the place or position of the parties, when the contract was made, scan the motives and weigh the consid-erations which influenced them in the transaction, so as to de-termine what would have been best for them to do, who was least sagacious, or who drove the best bargain. Courts of common law cannot, like courts where the civil law prevails, award such damages as they may deem reasonable, but must allow the damages, whether actual or estimated, as agreed upon by the parties. The bargain may be an unfortunate one for the delinquent party, but it is not the duty of courts of common law to relieve parties from the consequences of their own improvidence, where these contracts are free from fraud and illegality.

The controversy in the courts as to whether the particu-

lar language of a contract in regard to damages is to be construed as a penalty, or liquidated damages, arises mainly from a desire to relieve parties from what, under a different construction, is assumed to be an improvident and absurd agreement. When, however, it is considered how little courts can know of the modifying circumstances of the case, how far the particular provision was framed with reference to the personal feelings of the parties, what fluctuations in the market were anticipated at the time, and what effect the contract in question was expected to have upon other business engagements or negotiations, there is, perhaps, less cause for departing from the literal construction of the language used than might, at first view, be supposed. These considerations should at least admonish us that, in straining the language of a contract to prevent a seeming disadvantage to one of the parties, we *may* impose upon the other party the very hardship which both intended to protect him against by the terms of their agreement. The interests of the public are quite as likely to be subserved in maintaining the inviolability of contracts as they are in contriving ways and means to make a contract mean what is not apparent upon the face of it, to save a party from some conjectural inequity growing out of his supposed inadvertence or improvidence.

While entire uniformity of judicial opinion is unattainable upon this controverted question, owing to the liability of the particular tribunal to be influenced, in a greater or less degree, by a desire on the one hand to prevent a supposed hardship, and on the other to give a strict construction to the language of the contract, courts, nevertheless, substantially agree upon the following general principles of interpretation.

1. The words "penalty," "forfeiture," or "liquidated damages" are not conclusive, and the Court will examine the other provisions of the contract, its subject matter, the situation of the parties and the course and usages of trade, as well as this particular language, and gather the intention of the

parties from the whole taken together. If it is impossible, or difficult to compute the actual damages, the use of the word "penalty" will not prevent the Court from regarding the sum named in the contract as liquidated damages. On the other hand, if it would produce manifest wrong, or be clearly absurd to treat the sum named as "liquidated damages," in that light, the use of that term will not conclude the Court from construing it as a penalty. *Fletcher* v. *Dyche*, 2 T. R., 32; *Astley* v. *Weldon*, 2 Bos. & Pul., 346; *Kemble* v. *Farren*, 2 Bing., 141; *Lynde & al.* v. *Thompson*, 2 Allen, 456; *Bagly* v. *Peddie*, 16 N. Y., 469.

2. Generally, if the actual damages can be readily ascertained, or if the intention of the parties is doubtful, the sum named will be deemed a penalty, but if it is clearly the intention of the parties to fix the amount of the damages, the sum specified will be regarded as liquidated damages, though it should seem disproportionate and inequitable. *Chrisdee* v. *Bolton*, 14 Eng. C. L., 547; *Brewster* v. *Edgerly*, 13 N. H., 275; *Clement* v. *Cash*, 21 N. Y., 253.

3. If the instrument provides for the payment of a larger sum, in future to pay a less one, the larger sum will be regarded as a penalty in respect to the excess over the legal interest, whatever be the language used; and if the contract consist of several stipulations, the damages for the breach of which, independently of the sum named in the instrument, are uncertain and cannot well be ascertained, the sum agreed upon is to be treated as liquidated damages. *Orr* v. *Churchill*, 1 H. Bl., 227; *Astley* v. *Weldon, ante; Mead* v. *Wheeler*, 13 N. H., 351; *Atkyns* v. *Kinnier*, 4 Exch., 776.

In the case last cited, PARKE, B., thus lays down the rule of law where there are several stipulations in the contract, and only one sum named as the measure of damages. "If a party," he observes, "agrees to pay £1000, on several events, all of which are capable of accurate valuation, the sum must be construed as a penalty and not as liquidated damages. But if there be a contract consisting of one or

Dwinel *v.* Brown.

more stipulations, the breach of which cannot be measured, the parties must be taken to have meant that the sum agreed on was to be liquidated damages, and not a penalty. In this case there is no pecuniary stipulation for which a sum certain, of less than £1000, is to be paid, but all the stipulations are of uncertain value. Possibly this may have been a very imprudent contract; but with that we have nothing to do. Upon the true construction of the deed, the amount is payable by way of liquidated damages, and not as a penalty."

In the case at bar, the defendant bound himself to the plaintiff " in the full and liquidated sum of one thousand dollars, over and above the actual damage," in the event of his failure "to do and perform each and every condition and stipulation" in his contract. Language can scarcely make the intention of the parties to fix the amount of the damages more clear and emphatic. The sum named is not only " liquidated," but, as if to exclude all possibility of its being a penalty, it is declared to be " over and above the actual· damages." Whether it was to afford an additional stimulus to secure the fulfilment of the contract, or to provide against other losses, or compensate for other advantages, contingent upon this contract, or from the difficulty of ascertaining the actual damages or for some other reason, it is manifest that other damages than the legal damages were taken into the account by the parties when they incorporated this provision in their agreement. Besides, the contract contains several distinct conditions and requirements for the non-fulfilment of which, respectively, no sum is specified; and it is impossible to ascertain such damages from the very nature of these stipulations. What actual damages would result to the plaintiff, solely from the defendant's omission to land the logs at a suitable place, or to notify the scaler seasonably, or to mark the logs, or drive them as early as practicable, or to cut clear without waste, or to perform the dozen other stipulations of the contract, is practically beyond the power of a judicial tribunal to as-

certain with anything like accuracy. The case clearly comes within the second clause of the third rule of interpretation, that when parties incorporate several distinct stipulations in a contract, the breach of which cannot be respectively measured, they must be taken to have meant that the sum agreed upon was to be liquidated damages, and not a penalty. That such was the intention of the parties, moreover, as drawn from the particular language of the contract upon this point, cannot admit of a doubt.

According to the agreement of the parties, the defendant is to be defaulted for the sum of one thousand dollars, with interest from the date of the writ.

CUTTING, KENT and DANFORTH, JJ., concurred.

TAPLEY, J., concurred in the result.

APPLETON, C. J., dissenting. — The plaintiff, on 10th Oct., 1860, gave the defendant a permit to cut timber on land owned by him, on certain conditions and stipulations therein expressed. The concluding clause of the permit is in these words : — " And the said grantee hereby agrees with the said grantor to go upon premises with the said three or more teams well manned and furnished, in due and proper season, and cut and remove timber as aforesaid, and truly and faithfully do and perform each and every condition and stipulation expressed in this license and agreement, hereby binding himself *in the full and liquidated sum of one thousand dollars,* well and truly to be paid to the grantor on demand, *over and above the actual damage* which said grantor may sustain by the non-performance of any agreement hereinbefore contained."

The plaintiff claims one thousand dollars as liquidated damages. What are liquidated damages?

In case of a contract, damages are the pecuniary satisfaction to which the injured party is entitled by way of compensation for its breach. Liquidated damages are damages agreed upon by the parties, as and for a compensation for and in lieu of the actual damages arising from such breach.

They may exceed or fall short of the actual damages, — but the sum thus fixed and determined binds the parties to such agreement. When this sum is paid, all damages are paid.

In the case at bar, the sum of one thousand dollars was not liquidated damages. It was not for damages at all. The contract so expressly and unqualifiedly states it. It was a sum " over and above the actual damages." The plaintiff, by its terms, was further entitled to recover " the actual damage" which he might sustain by " the non-performance of any agreement hereinafter contained." Suppose the actual damages were five thousand dollars, would not the plaintiff be entitled to recover that sum? Most assuredly. The actual damages are therefore excluded from the sum of one thousand dollars, and yet remain to be assessed.

It is difficult to conceive of a clearer case of a penalty, than that where a party is required to pay one thousand dollars over and above what he owes. If that is not a penalty, what is or what can be?

The intent of the parties is to be ascertained from the agreement. The mere use of the words "penalty," "forfeiture," or " liquidated damages," is not at all decisive of the question. In *Kemble* v. *Farrar*, 6 Bing., 141, the sum of £1000 was " declared by the parties to be liquidated and ascertained damages, and not a penalty, or penal sum, or in the nature thereof," yet, notwithstanding these sweeping words, the Court, upon an examination of the contract, decided that the sum must be taken to be à penalty, and that it was for the jury to assess the real damages sustained by reason of the breach of the agreement in suit.

Liquidated damages are fixed, settled and agreed upon in advance, to avoid all litigation as to those actually sustained. They are a compensation for and in lieu of actual damages, never in addition thereto. The language of the agreement leaves no room for any other conclusion than that the sum fixed is a penalty. It is not for damages, by the terms of the contract. It is not, therefore, a sum agreed upon in

liquidation of damages,—but is a penalty and so must be regarded.

WALTON and BARROWS, JJ., concurred.