WHOLEY BOILER WORKS *vs.* JOHN D. LEWIS.

· MARCH 7, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Contracts.   Construction.*

The primary rule in the construction of contracts is that the court must, if possible, ascertain and give effect to the mutual intention of the parties. Such intention to be deduced from the language employed by them and the terms of the contract, when not ambiguous, are conclusive, in the absence of the averment and proof of mistake, the question being not what intention existed in the minds of the parties, but what intention is expressed by the language used.

*(2)   Contracts.   Construction.*

Where a contract was dictated to the stenographer of one of the parties and she used the printed letter head of her employer which contained a saving clause in regard to strikes and other contingencies, and made a plain carbon copy and the original and copy were signed by the parties, and the testimony showed that the typewritten portion fully stated the agreement between the parties, and plaintiff guaranteed delivery by certain dates, the printed saving clause is inconsistent with the agreement, and ·in the absence of proof that it was omitted by mistake, it will not be read into the contract.

*(3)   Penalties.   Liquidated Damages.*

The question whether a deposit or other payment is to be regarded as a penalty or liquidated damages is to be decided upon consideration of the whole agreement in view of the circumstances of each case, and the intention of the parties as thus disclosed is the decisive test.

*(4)   Contracts.   Penalties.   Liquidated Damages.*

A contract contained a bonus and forfeiture clause. Plaintiff guaranteed to make delivery by certain dates and for failure to deliver was liable to pay a

forfeiture of a stated amount and for each day he anticipated delivery he was to receive a stated bonus. He did not make delivery within the fixed time. The time of delivery was regarded by both parties as important and defendant would sustain loss by failure to deliver on time.

*Held* that the provision for forfeiture should be treated as one for liquidated damages in order to carry out the intent of the parties.

(5)  *Contracts.   Pleading.*

In an action on the common counts to recover the amount due under a written contract, defendant under the plea of the general issue was entitled to claim a deduction from contract price for failure to deliver on time.

(6)  *Contracts.   Accord and Satisfaction.*

Upon delivery of materials seller sent buyer a bill for contract price. Defendant deducted amount which he claimed for delay in delivery and sent seller a check for balance with statement of his computation. It was not written on the check or elsewhere that check was in full settlement. Thereafter buyer told seller check was in full settlement.

*Held* that the facts did not prove an accord and satisfaction.

(7)  *Contracts.   Forfeiture.   Time.*

Under a contract containing a forfeiture clause for delay in delivery of materials by seller, buyer can only claim a forfeiture for the days between the day when the materials should have been delivered and the day when delivery was completed.

ASSUMPSIT.  Heard on exceptions of both parties.  Exceptions of plaintiff overruled.  Exception of defendant sustained, on ground that damages were excessive.

SWEENEY, J. This action of *assumpsit* is brought to recover a balance of $1,175.00 claimed to be due from the defendant upon a completed contract for the construction and delivery of twelve logwood extractors.

After a trial in the Superior Court the jury returned a verdict for the plaintiffs for $625.00. The defendant filed a motion for a new trial on the usual grounds which was denied by the trial justice. Each party has brought the case to this court by his bill of exceptions.

T. V. Wholey is general manager of the plaintiff co-partnership. The defendant wished to purchase some extractors and after several conferences with Mr. Wholey they came to an agreement about them in the office of the defendant. Howard C. Gerlach, representing the defend-

ant, dictated the agreement to a stenographer. The stenographer reduced the agreement to typewriting on the regular white stationery of the defendant, making one carbon copy of it on plain yellow paper. The typewritten portion of the agreement is as follows: "Feb. 16, 1916.

Wholey Boiler Works,

Providence, R. I.

Gentlemen:

The Wholey Boiler Works will furnish me with twelve logwood extractors similar to those I now have, shell ⅜ steel, for the sum of $3,150.00, f. o. b. team my works.

The Wholey Boiler Works guarantee to deliver the above extractors at No. 63 Charles Street, Providence, R. I. as follows:

Four by March 5, 1916,

Four more, or a total of

eight, by March 15, 1916.

On the four to be delivered between the 5th and the 15th of March, 1916, I will pay Ten Dollars a day bonus for every day short of the 15th back to the 10th of March, 1916. On the four to be delivered between the 5th and 15th of March, 1916, the Wholey Boiler Works will pay a forfeiture of Ten dollars a day for every day after the 15th of March, 1916. The remaining four, which makes twelve in all, to be delivered by the 20th of March, 1916, I to pay a bonus of Twenty-five dollars a day for every day short of the 20th of March, 1916, back to the 15th of March, 1916, and the Wholey Boiler Works to pay a forfeiture of Twenty-five dollars a day after the 20th of March, 1916.

Yours truly,

JOHN D. LEWIS.

Accepted:—"

Howard C. Gerlach agent for the defendant wrote his name to the right of that of Mr. Lewis on both papers,

and T. V. Wholey agent for the plaintiffs, wrote his name under the word "accepted" on both papers. Mr. Gerlach gave Mr. Wholey the white paper and retained the yellow one.

On the white paper above the typewriting, is printed the letter-head of Mr. Lewis, and at the bottom of the paper, below the signature of Mr. Wholey, is printed "Prices subject to change without notice and all agreements are contingent upon strikes, accidents and occurrences beyond our control."

The plaintiffs entered upon the performance of the contract, but did not deliver the extractors within the times specified. The delivery of the extractors was completed April 24, 1916, and the next day the plaintiffs sent the defendant a bill for them for the contract price $3,150.00. The defendant deducted from this amount $1,175.00 which he claimed to be due under that part of the contract relating to forfeiture for non-delivery of the extractors on time, and sent the plaintiffs a check for the balance.

At the close of the testimony the plaintiffs moved for a directed verdict in their favor for the full amount of their claim. This motion was denied and its denial is the reason for their bill of exceptions.

The plaintiffs claim that the printed saving clause below the signature of Mr. Wholey, on the white paper, is a part of the contract and that the defendant cannot claim a deduction from the contract price for delay in the delivery of the extractors as the testimony proves that the delay was caused by occurrences beyond plaintiffs' control. The defendant claims that the saving clause is not a part of the contract and cannot be considered in limiting his rights under it.

(1)     The primary rule in the construction of contracts is that the court must, if possible, ascertain and give effect to the mutual intention of the parties. *State* v. *McAvoy*, 40 R. I. 437; 13 C. J. 521. The intention of the parties is to be deduced from the language employed by them,

and the terms of the contract, when not ambiguous, are conclusive, in the absence of the averment and proof of mistake, the question being, not what intention existed in the minds of the parties, but what intention is expressed by the language used. 13 C. J. 524.

Mr. Wholey admits that after he came to an agreement with Mr. Gerlach that Mr. Gerlach dictated the terms agreed upon to a stenographer, and that no instructions were given to her to write the agreement on any particular paper. He agrees that the terms of the contract dictated to the stenographer are the same as those which appear above his signature, and that nothing was said by anybody at any time about the saving clause printed on the bottom of the white paper, although he testified that when he signed the white paper he saw the printed saving clause below his signature.

(2) The testimony proves that the typewritten contract fully and completely expressed the agreement between the parties, and in the absence of any claim or proof to show that the saving clause was left out of the contract by accident or mistake, the court cannot read this clause into it. Mr. Wholey knew that the defendant wished to get the extractors as soon as possible, and guaranteed to deliver them by certain dates. The printed saving clause is not a part of the contract, and is inconsistent with the clearly expressed intent and agreement of the parties and cannot be allowed to modify or alter it.

A printed bill-head or letter-head cannot be allowed to control, modify, or alter the terms of a contract which is clearly expressed in writing below it. 13 C. J. 537 This proposition is supported by the cases of *B. F. Sturtevant Co.* v. *Fireproof Film Co.*, 216 N. Y. 199; L. R. A. 1916 D 1069 and note thereto. In this case the court said: "The language of the proposal is clear and explicit, and this provision (matter printed at the bottom of the first page of plaintiffs' office stationery) which is printed in small type, cannot be allowed to change, alter or modify it,

unless it was a part of the proposal. It was not incorporated in the body of the proposal or referred to in it. No suggestion was made, either in the pleadings or the proof, that it was a part of the proposal. . . . When an offer, proposal or contract is expressed in clear and explicit terms, matter printed in small type at the top or bottom of the office stationery of the writer, where it is not easily seen, which is not in the body of the instrument or referred to therein is not necessarily to be considered as a part of such offer, proposal or contract." In *Sturm* v. *Boker*, 150 U. S. 312, 327 it was said that "the contract being clearly expressed in writing, the printed bill-head of the invoice can, upon no-well-settled rule, control, modify, or alter it." See *Atlantic Terra Cotta Co.* v. *Goetzler et al.*, (Wis). Ann. Cases, 1913 E 958 and note.

The contract contained a bonus and forfeiture clause. The plaintiffs guaranteed to make delivery of the extractors by certain dates, and for failure to deliver them on the dates specified they were liable to pay a forfeiture of ten dollars for each day's delay in the delivery of the second four extractors, and of twenty-five dollars for each day's delay in the delivery of the third four extractors. Plaintiffs did not make a delivery of any of the extractors within the time specified.

The plaintiffs claim that the forfeiture clause in the contract is in the nature of a penalty and is unconscionable and unenforceable.

(3) The question whether a deposit or other payment is to be regarded as a penalty or liquidated damages is to be decided upon consideration of the provisions of the whole agreement in view of the circumstances of each case; and the intention of the parties as thus disclosed is the decisive test. *Paollili* v. *Piscitelli*, 45 R. I. 354, 359; *Sun Printing & Publishing Assoc.* v. *Moore*, 183 U. S. 642; *Colt Co.* v. *Armstrong Light Co.*, (Ala.) 85 So. Rep. 570; *Eikenberry* v. *Thorn*, (Ind.) 112 N. E. Rep. 112; *Dwinel* v. *Brown*, 54 Me. 468; 17 C. J. 934, 935. In *Darcey* v. *Darcey*, 29 R. I.

384, the court considered the agreement between the parties and held that the conveyance of real estate to be made by the husband to his wife upon his violation of an agreement with her to be in the nature of liquidated damages and not as a penalty or forfeiture and decreed specific performance of the agreement. In *Curry* v. *Olmstead,* 26 R. I. 462 the court made a deduction of ten dollars a day for one hundred thirty-seven days from the amount due the plaintiff under a forfeiture clause in a building contract for the delay of the plaintiff in completing a house. In *Simpson Bros. Corp.* v. *J. R. White & Son, Inc.,* 187 Fed. 418 the Circuit Court for the District of Rhode Island held that the provision in a contract which provided for the payment by the contractor of a stated sum per week after the date specified for the completion of the work and until the completion thereof should be treated as one for liquidated damages and not as a penalty, and was enforced. In *Banta* v. *Stamford Motor Co.,* (Conn.) 92 Atl. 665 the contractor agreed to build a yacht and have it complete and ready for delivery by a certain date, and the parties agreed that for each day the yacht was ready for delivery before the day specified the owner should pay $5.00 a day in addition to the contract price, and that for each day's delay in delivery after the day fixed the builder should pay $15.00; the court held that the provision was enforceable as an agreement for liquidated damages, and that the owner was entitled to recover from the builder the sum agreed upon for the delay in the completion and delivery of the yacht. In *House Wrecking Co.* v. *Sonken,* (Mo.) 133 S. W. 355 it appeared that the contract for tearing down and removing buildings provided that the work should be done within thirteen days and that, if the contractor should complete the work in less time he would be paid $50.00 for each day saved, and if the work was not done within the thirteen days he should pay $50.00 for each day over. The contractor, with a large force of men, completed the work in two days and it was held that the

stipulated payments were not in the nature of a penalty and that he was entitled to recover the bonus.

(4) The bonus and forfeiture clause was agreed to by Mr. Wholey under the following circumstances: he testified that Mr. Lewis told him that he wanted the extractors in a hurry; that they talked about the matter of a bonus for getting the deliveries ahead of time, and of a forfeiture in case the deliveries were delayed; that he went to see a pattern maker and a foundryman about getting the patterns and castings necessary for the work and then returned and told Mr. Lewis that he expected prompt deliveries of the patterns and castings and then agreed with Mr. Lewis that a bonus and forfeiture clause was to be put in the contract and that it was fully understood by him. Mr. Lewis testified that he told Mr. Wholey that he was behind in his orders and that he had to get these extractors right away in order to fill his contracts. Mr. Gerlach and Mr. Danforth each testified that they impressed upon Mr. Wholey the necessity for prompt delivery of the extractors. The testimony shows that the time of delivery of the extractors was regarded by both parties as important. The plaintiffs guaranteed to deliver the extractors by certain dates and they were to receive a bonus if they delivered them before the time specified. The parties stood upon an equal footing, and deliberately agreed upon the amount to be paid as a bonus or forfeiture. Mr. Wholey evidently expected to deliver the extractors on time. The defendant undoubtedly would sustain loss by failure to receive them on time. The damage the defendant would sustain on account of delay in the delivery of the extractors could not be ascertained in advance, and the amount of it would be difficult to prove at any time. The amount agreed upon by the parties to be paid for each day's delay does not seem to be greatly out of proportion to the damage the defendant would be likely to sustain. The testimony shows that the contract clearly and correctly sets forth the agreement of the parties re-

lating to the bonus and forfeiture clause, and it is the duty of the court to give it such a construction as will carry out the intent of the parties.

The declaration contains the common counts and the plea is that of the general issue. The plaintiffs claim that under these pleadings they are entitled to have a verdict directed for them for the balance due on the contract without any deduction for the amount of forfeiture claimed by the defendant.

The plaintiffs introduced the contract in evidence and were required to prove that they had performed all of its essential terms in order to maintain their action. The delivery of the extractors on time was an essential element of the contract. The proof showed that the extractors were not delivered on time and consequently the defendant was entitled to have the amount due under the forfeiture clause deducted from the contract price. Under our practice this deduction could be claimed by the defendant under the plea of general issue.

The court said in *Cargill* v. *Atwood*, 18 R. I. 308 "The general issue in *assumpsit* puts the plaintiff upon proving his whole case, and entitles the defendant, without special notice, to give evidence of anything which shows that the plaintiff ought not to recover." Quoted with approval in *Wells* v. *Great Eastern Casualty Co.*, 40 R. I. 222, 227. See also 5 C. J. 1405; 31 Cyc. 692 (2); 2 Enc. Pl. & Pr. 1029.

As a result of the foregoing opinion all of the plaintiffs' exceptions are overruled, and only two of the defendant's exceptions require consideration.

Defendant has an exception to the refusal of the trial justice to charge that the plaintiffs' acceptance of the defendant's check, after having been notified by him that it was in full satisfaction, amounted to an accord and satisfaction. Upon the delivery of the extractors the plaintiffs sent the defendant a bill for the contract price. The defendant deducted the amount he claimed for delay

in their delivery, under the forfeiture clause, and sent the plaintiffs a check for the balance, with a statement of his computation.    It was not written on the check, or elsewhere, that the check was in full settlement of all claims and demands.    Mr. Wholey then called upon the defendant and demanded the full amount  of the bill and testified that the defendant told him that if he wanted any more money he would have to sue for it.   The defendant testified that he told Mr. Wholey that the check was in full settlement according to the terms of the contract. The defendant deducted $35.00 for two days delay more than he was entitled to, as will appear in the following paragraph.    The testimony does not prove an accord  and satisfaction, and the exception is overruled.

Defendant has an exception to the denial of his motion for a new trial on the ground that the damages are excessive. The verdict was for $625.00.  According to the terms of the contract the second four extractors were to be delivered by March 15, 1916 and the testimony proves that their delivery was completed April 14.   The third four extractors were to be delivered by the 20th of March, and their delivery was completed April 24.   The defendant claimed a forfeiture of ten dollars a day for thirty days delay in the delivery of the second four extractors, and of twenty-five dollars a day for thirty-five days delay in the delivery of the third four extractors.   The defendant claimed a day too much for the delay in each of these deliveries.   He could only claim a forfeiture for the days between the day when the extractors should have been delivered and the day when their delivery was completed.   Defendant deducted from the plaintiff's bill thirty-five dollars for the forfeiture more than he should have deducted, and the plaintiffs are entitled to a verdict for only this amount. The amount of the verdict is excessive.

Defendant's exception to the denial of his motion for a new trial on the ground that the damages are excessive is sustained, and his other exceptions are overruled.   The

case is remitted to the Superior Court for a new trial unless on or before March 15, 1924, the plaintiffs file in the office of the clerk of the Superior Court for the counties of Providence and Bristol a remittitur of all of said verdict in excess of thirty-five dollars. If such remittitur is filed, the Superior Court is directed to enter judgment for the plaintiffs in the sum of thirty-five dollars.

*John P. Beagan, Edmund F. Beagan,* for plaintiff.

*Hinckley, Allen, Tillinghast & Phillips,* for defendant.